STATE v. B. J. ROBINSON.

(Decided March 14, 1899).

*Practice—Opening and Conclusion.*

Where there are several defendants, and one of them introduces evidence, that gives the right to begin and conclude the argument to the State. Rule 3 (119 N. C., 958) construed accordingly.

INDICTMENT for assault and battery, tried before *Bryan, J.,* at September Term, 1898, of WAKE Superior Court.

Defendant and Eliza Ward were indicted for assault and battery on Laura Robinson. Eliza Ward introduced evi-

124—51

STATE *v.* B. J. ROBINSON.

dence—the defendant Robinson introduced none; and his counsel claimed the right to open and close the argument. His Honor, as matter of discretion, allowed the State to open and conclude. Defendant excepted.

Verdict of guilty. Judgment and appeal.

*Messrs. Zeb. V. Walser,* Attorney General, and *Douglass & Simms,* for the State.

. No counsel *contra.*

FAIRCLOTH, C. J. The defendant and Eliza Ward were indicted for an assault on Laura Robinson. At the trial, Ward introduced witnesses, but Robinson introduced no evidence. At the close of the evidence, Robinson's counsel claimed the right to open and close the argument. His Honor, as a matter of discretion, allowed the State to open and close, and Robinson excepted.

It is admitted that his Honor's ruling, except under Rule 3, is final and not reviewable. Rule 6, 119 N. C., 959.

Rule 3 is that in all cases, civil or criminal, where no evidence is introduced by the defendant, the right of reply and conclusion shall belong to his counsel. 89 N. C., 608, Rule 3. This question of practice has not been heretofore presented. It is the recollection of the members of this Court that the practice has been, that where one defendant introduces evidence, that gives the right to begin and conclude the argument to the State, and we adopt that view as the better rule. If there were several defendants, the rule claimed by the defendant would be inconvenient.

Affirmed.