STATE v. DEWICK W. DOOLEY.

(Filed 9 June, 1950.)

**1. Automobiles § 30d—**

Circumstantial evidence tending to identify defendant as the driver of the car which was driven in a reckless manner, *held* sufficient to be submitted to the jury. G.S. 20-140.

**2. Criminal Law § 53j—**

After instructing the jury that in appraising the testimony it should take into consideration the demeanor of the witnesses, the likelihood for bias, and their knowledge of the facts, the court charged that the State contended that its testimony came from officers and from disinterested witnesses while defendant's witnesses were interested. There was nothing in the record to show that either of defendant's witnesses was interested. *Held:* The reference to defendant's witnesses as being interested must be held for prejudicial error even though contained in the statement of contentions.

**3. Criminal Law § 53k—**

In this prosecution for reckless driving the State contended that defendant's repeated denials that he was driving, made immediately after he left the car, and before he was charged, indicated consciousness of guilt. *Held:* A charge that defendant contended that such statements

purportedly made by him were unworthy of belief, in stating his contention, must be held for prejudicial error.

APPEAL by defendant from *Sink, J.,* November Term, 1949, of FORSYTH. New trial.

The defendant was charged with reckless driving in violation of G. S. 20-140. From judgment imposing sentence, consequent upon a verdict of guilty, the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State, appellee.*

*W. Dennie Spry and Richmond Rucker for defendant, appellant.*

DEVIN, J. The defendant assigns error in the denial by the court of his motion for judgment of nonsuit, and also in the court's instructions to the jury in several particulars to which exceptions were noted.

This necessitates consideration of the evidence adduced at the trial, which may be summarized as follows: The evidence offered by the State tended to show that on the evening of 21 July, 1949, between the hours of 8 and 9 p.m. an automobile identified as that of defendant struck an automobile parked next to the curb on North Marshall Street in Winston-Salem. Defendant's automobile was then backed off and driven through a red light, and after traversing several streets was seen holding up traffic on a busy street while attempt was being made to disengage the bumper of defendant's car from the fender of another car with which it had come in contact and to drive it over the curb into the parking space or garage in the rear of the Frances Hotel. The front of defendant's automobile was damaged. The witness who first observed defendant's automobile on this occasion testified he saw only one person in it, a man without a shirt and wearing glasses. The State also offered other evidence, largely circumstantial, tending to show that defendant was the driver. When the defendant came from the automobile after it had come to rest in the rear of the hotel, he was heard to say to the spectators who had assembled, "Scatter! Scatter! I wasn't driving." And to the officer who came up and inquired where his car was he replied, "I wasn't driving." Two shirts were found in the back of defendant's automobile.

Defendant did not testify, but effort was made to show that two men were in the automobile, both without shirts and wearing glasses, and that defendant was not the one driving. Defendant offered two witnesses, one of whom testified he saw defendant's automobile driven out from the rear of the Frances Hotel about 7:30 p.m. with two men in it, defendant and another, neither wearing a shirt, and that the other man was driving. The other witness, the proprietor of a service station located some two

miles distant, testified that between 8:45 and 9 p.m. on this date defendant and another man drove up to his place, both without shirts, and the other man was driving the automobile.

That defendant's automobile had been driven recklessly on this occasion was not seriously controverted, but it was contended the evidence was insufficient to identify the defendant as the driver. About this point the contest was waged. We think, however, that while no witness positively identified the defendant as the driver, there was circumstantial evidence of this fact sufficient to carry the case to the jury, and that defendant's motion for judgment of nonsuit was properly denied.

The defendant noted numerous exceptions to the judge's charge to the jury. Most of these are without merit. But in two instances we think the court inadvertently used language which under the circumstances here disclosed must be held sufficiently prejudicial to require a new trial.

As appears from the record before us, the court charged the jury as follows: "You will take into consideration in appraising the testimony the attitude and the demeanor of the witnesses who have gone upon the stand, the likelihood for bias, for prejudice, for knowing the true facts and testifying thereto, the State contending and insisting that some of the testimony came from officers on the part of the State, and some came from disinterested witnesses, while the defendant's witnesses are interested."

While the reference to the defendant's witnesses as being interested, in contrast to the disinterestedness of the officers and the State's witnesses, was stated in the form of a contention, the implication probably found lodgment in the minds of the jury that the testimony of defendant's witnesses should be appraised by them in the light of their interest. There was nothing in the record to show that either of them was related or in any legal respect interested. These were the only witnesses offered by defendant whose testimony tended to show defendant was not the driver of the automobile on the occasion charged. The suggestion that the defendant's witnesses were less credible than those testifying for the State, though not so intended by the court, likely proved hurtful to defendant's defense.

The defendant also noted exception to the following excerpt from the charge: "The defendant insists that on the occasion of the officer appearing there and on the occasion of his (defendant's) coming out from the garage, if you should find, beyond a reasonable doubt, that he did come out from behind the garage, as contended for by the State, that such statements as were purportedly made by him are unworthy of your belief in that, as he contends, you should not interpret them to imply guilt upon his part."

The reference here was to purported statements by the defendant, "I wasn't driving." What was doubtless meant was that, in reply to the State's contention that by repeated denials that he was driving the defendant did "protest too much," the defendant contended this should not be interpreted to imply guilt. However, the instruction from the court, as it appears in the record, that the defendant contended such statements were "unworthy of your belief" was likely to be misunderstood by the jury to the defendant's prejudice.

Under the circumstances we think there should be another hearing, and it is so ordered.

New trial.