STATE OF NORTH CAROLINA v. JIMMY LEE

No. 17

(Filed 14 October 1970)

1. Criminal Law § 102— joint trial — evidence offered by one defendant — closing jury argument

Where one of two defendants in a joint trial offered evidence, the trial court did not err in denying the defendant who offered no evidence the closing argument to the jury and in granting the closing argument to the State.

2. **Constitutional Law § 30; Criminal Law §§ 135, 138— first degree murder prosecution — constitutionality of single verdict procedure**

G.S. 14-17 is not unconstitutional in requiring the trial court to submit to the jury the question of defendant's guilt or innocence of first degree murder and, at the same time, the question of punishment — whether he should live or die.

3. **Homicide § 4— homicide during felonious escape — first degree murder**

A murder committed in the perpetration or attempt to perpetrate a felonious escape is murder in the first degree. G.S. 148-45, G.S. 14-17.

4. **Homicide § 12— indictment in statutory language — proof of felony murder**

A felony murder may be proven by the State although the bill of indictment charges murder in the statutory language of G.S. 15-144.

5. **Homicide §§ 12, 15— first degree murder — proof of conspiracy to escape from prison and homicide during escape**

In this joint trial of two defendants for first degree murder of a prison guard, it was permissible for the State to prove, if it could, a conspiracy to escape while defendants were serving felony sentences and that the murder was committed in the escape attempt.

6. **Conspiracy § 5— acts and declarations of conspirator — consideration against co-conspirator**

When evidence of a *prima facie* case of conspiracy has been introduced, the acts and declarations of each party to it in furtherance of its objectives are admissible against the other members.

7. **Conspiracy § 5— acts and declarations of conspirator — consideration against co-conspirator**

Consideration of the acts or declarations of one conspirator as evidence against the co-conspirators should be conditioned upon a finding that (1) a conspiracy existed, (2) the acts were done or declarations were made by a party to the conspiracy and in pursuance of its objectives, and (3) the acts or declarations occurred while the conspiracy was active, that is, after it was formed and before it ended; prior or subsequent acts or declarations are admissible only against the one who committed the acts or made the declarations.

8. **Homicide § 25— conspiracy to escape — killing of guard by co-conspirator — instructions — defendant's guilt of first degree murder**

In this prosecution for murder of a prison guard during an escape, the court's instructions, when considered in the light of the evidence, could not have been understood by the jury to mean that defendant could be found guilty of first degree murder on the theory of conspiracy if he joined the codefendant in an escape scheme after the codefendant had already murdered the guard, because (1) there was no conspiracy until defendant became a party to the scheme, and (2) the evidence is overwhelming that defendant was an active participant in the escape plot long before the guard was killed.

State v. Lee

9. **Criminal Law §§ 113, 168— violation of G.S. 1-180 — prejudicial error**

　　The statute requiring the trial judge to explain the law but give no opinion on the facts, G.S. 1-180, is mandatory and a violation of it is prejudicial error.

10. **Criminal Law § 168— charge read as a whole and construed contextually**

　　The charge of the court must be read as a whole and construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct.

11. **Criminal Law § 168— instructions — erroneous expression — harmless error**

　　If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal.

12. **Homicide § 23; Criminal Law § 168— first degree murder prosecution — instruction on conspiracy — harmless effect of statement by court**

　　In this prosecution for first degree murder of a prison guard during an escape, statement by the court in its instructions that "he who hunts with the pack is responsible for the kill," intended as an illustrative statement of the law of conspiracy, had no prejudicial effect on the result of the trial when considered in context and was therefore harmless.

13. **Criminal Law § 118— charge on contentions of defendant who offered no evidence — failure of defendant to object**

　　In this first degree murder prosecution, the trial court's instruction that defendant who offered no evidence contended by his plea of not guilty that the testimony of the State's witnesses should not be believed and that the State had failed to prove his guilt beyond a reasonable doubt, *held* not to constitute a fundamental misconstruction of defendant's contentions; consequently, the general rule applies that objections to the charge in stating contentions of the parties must be called to the court's attention in apt time to afford an opportunity for correction or an exception thereto will not be considered on appeal.

APPEAL by defendant from *Clark, J.,* November 1969 Criminal Session of ROBESON.

Defendant was charged in separate bills of indictment with felonious escape, kidnapping, and first degree murder. A codefendant, Ricardo Zimmerle Resendez, similarly charged in separate indictments, was tried jointly with Lee but did not appeal.

The State's evidence tends to show that Jimmy Lee and Ricardo Resendez were serving sentences for felony convictions at the Robeson County Prison Unit. On the morning of June 2, 1969, during the cleanup detail when there was only one armed guard immediately present, Resendez called to an unarmed

guard named Boyd Strickland who walked from his position on the front walk to the door of the prison dormitory. When he entered the doorway, Resendez held a .22 caliber pistol on him and demanded that he call the superintendent. Boyd Strickland refused. Resendez then demanded that he summon a guard named Earl C. Strickland (Earl) who was outside the dormitory at the time, and Boyd complied. As Earl C. Strickland, who was armed, neared the doorway of the dormitory Resendez shoved Boyd out of his way and told defendant Jimmy Lee to get him. Jimmy Lee, who had been present throughout the foregoing hiatus, grabbed Boyd, putting a knife to his throat and locking Boyd's arm behind his back. Resendez jumped out the door and tried to disarm Officer Earl C. Strickland before he reached the door to the dormitory. Both Earl C. Strickland and Resendez were trying to get Earl's gun which was still in its holster. They scuffled and during the ensuing struggle Resendez fired the .22 caliber pistol into Earl C. Strickland's chest resulting in his death. During the struggle defendant Jimmy Lee was inside the dormitory holding a knife to the throat of Boyd Strickland.

After herding several guards into the dormitory and changing into non-prison attire, Resendez and Lee took Sergeant Ebert Locklear hostage, commandeered a car from the parking lot, and forced Locklear to drive them away. They were armed with Resendez' .22 caliber pistol, a .38 caliber revolver taken from the slain guard Earl C. Strickland, and Sergeant Locklear's 30-30 rifle. Sergeant Locklear made various turns at the direction of Resendez and later drove the car into the woods. There defendant Lee held a gun on Sergeant Locklear while Resendez bound him. Leaving the bound hostage in the car, the two men camouflaged the car and proceeded on foot to a nearby house occupied by the Isley Wilcox family. They entered the house and held the family hostage for almost twenty-four hours before voluntarily surrendering. No member of the Wilcox family was harmed.

At the trial Jimmy Lee offered no evidence. Ricardo Resendez, testifying in his own behalf, stated that he had acquired the .22 caliber pistol several days before he made his break but refused to reveal where he got it. He said he did not know where Lee got the knife that he used and that he had never seen it before; that he did not know Lee was coming with him; that at one time he told Lee to stay out of it but "[h]e just decided at the last minute to come along . . . Jimmy hardly said anything. He acted more like a spectator."

The jury found both Lee and Resendez guilty of murder in the first degree with a recommendation of life imprisonment, and guilty of felonious escape. Both men were acquitted on the kidnapping charge. Defendant Lee appealed from a sentence of life imprisonment pronounced on the murder charge and a consecutive sentence of two years pronounced on the escape charge, assigning errors noted in the opinion.

*W. Earl Britt, Attorney for Defendant Appellant.*

*Robert Morgan, Attorney General; Donald M. Jacobs, Staff Attorney, for the State.*

HUSKINS, Justice.

[1]   Defendant Lee demanded and was denied the right to make the closing argument to the jury. This is his first assignment of error.

Rule 3, Rules of Practice in the Superior Courts of North Carolina, provides that "[i]n all cases, civil or criminal, when no evidence is introduced by the defendant, the right of reply and conclusion shall belong to his counsel." See G.S. 4-A, Appendix 1(2), page 201.

Construing this rule in *State v. Robinson,* 124 N.C. 801, 32 S.E. 494 (1899), the Court held that where there are several defendants, and one of them introduces evidence, "that gives the right to begin and conclude the argument to the State, and we adopt that view as the better rule." That holding has been followed without exception for more than seventy years. *State v. Raper,* 203 N.C. 489, 166 S.E. 314 (1932) ; *State v. Smith,* 237 N.C. 1, 74 S.E. 2d 291 (1952) ; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967). Federal decisions are in accord. See *Hale v. United States,* 410 F. 2d 147 (1969) ; *Hardie v. United States,* 22 F. 2d 803 (1927) ; *United States v. El Rancho Adolphus Products,* 140 F. Supp. 645 (1956). Since Lee's codefendant Resendez offered evidence, the closing argument belonged to the State. This assignment is without merit and is overruled.

We note in passing that the Supreme Court recently adopted "General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure." These General Rules became effective on 1 July 1970. Rule 10 thereof provides, *inter alia,* that "[i]n a criminal case, where there are multiple defendants, if any defendant introduces evidence the closing

argument shall belong to the solicitor." See Appendix to Volume 276 of the North Carolina Reports where these rules are printed.

[2]   Defendant contends the trial court erred in submitting to the jury the question of his guilt or innocence of murder in the first degree and, at the same time, the question of punishment— whether he should live or die. Defendant argues that G.S. 14-17, insofar as it requires such procedure, is unconstitutional.

We have consistently held in capital cases that the single verdict procedure is valid and does not violate defendant's constitutional rights. *State v. Roseboro,* 276 N.C. 185, 171 S.E. 2d 886 (1970) ; *State v. Hill,* 276 N.C. 1, 170 S.E. 2d 885 (1969) ; *State v. Spence,* 274 N.C. 536, 164 S.E. 2d 593 (1968) ; *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968). Federal courts have held that such procedure does not violate due process nor infringe upon defendant's constitutional right to remain silent. *Segura v. Patterson* (10th Cir.) 402 F. 2d 249 (1968) ; *Sims v. Eyman* (9th Cir.) 405 F. 2d 439 (1969). "Two-part jury trials are rare in our jurisprudence; they have never been compelled by this Court as a matter of constitutional law, or even as a matter of federal procedure." *Spencer v. Texas,* 385 U.S. 554, 17 L. ed 2d 606, 87 S. Ct. 648 (1967). We adhere to our former decisions and regard this question as settled unless and until the Supreme Court of the United States holds otherwise. Cases now pending before it which seek to present the question are: *North Carolina v. Alford,* 39 L.W. 3015; *McGautha v. California,* 39 L.W. 3022; and *Crampton v. Ohio,* 39 L.W. 3022.

[8]   Defendant contends the court erred in instructing the jury that defendant Lee could be found guilty of first degree murder on the theory of conspiracy if he joined in the conspiracy *at any time before or while the escape was being executed.* In this connection the court charged the jury as follows:

"There is no evidence in this case that the defendant, Lee, himself actually shot and killed the deceased, Earl C. Strickland. But, I instruct you that if the defendants, Lee and Resendez, conspired together, that is agreed and planned to escape from the Department of Corrections of Robeson County camp and that murder was committed by the defendant, Resendez, in the escape or attempt to escape, then each is guilty of murder in the first degree, both the defendant, Resendez, and the defendant, Lee.

"It is not necessary that the defendant, Lee, and the defendant, Resendez, together originated or conceived and planned the escape. The defendant, Lee, could be [a] conspirator, at any time before or while the escape is being executed. If he concurred, no proof of agreement to concur is necessary. As soon as the union of wills for the unlawful purpose, that is felonious escape, is perfected, the conspiracy is complete. The joint assent of the minds, like all other facts of a criminal case may be established as inference to the jury from the facts proved, in other words, by circumstantial evidence.

"Now this, members of the jury, the law in this regard is, those who entered into a conspiracy to violate the criminal law, thereby forfeited their independence and jeopardized their liberty, for by agreeing with each other or others, to engage in unlawful enterprise, they thereby place their safety and freedom in the hands of each and every member of the conspiracy. He who hunts with the pack is responsible for the killing.

"In view of this theory of this case and contention of the State as to the defendant, Lee, that the defendant, Resendez, was the principal actor, you should first consider and reach your verdict on this charge against him, the defendant, Resendez. If the defendant, Resendez, is not guilty of murder, then the defendant, Lee, could not be guilty of murder, under this theory of the case as contended by the State."

After deliberating for a while the jury returned to the courtroom and requested further instructions on the law pertaining to murder occurring in an escape. The court thereupon instructed the jury as follows:

"As to this further, it is not necessary that the defendant, Lee, and defendant, Resendez, together originated or conceived and planned the escape. The defendant, Lee, could become a conspirator any time before or while the escape is being executed. If he concurred, no proof of an agreement to concur is necessary. As soon as the union of the wills for the unlawful purpose is effected, the conspiracy is complete. The joint assent of the minds like all other facts in criminal cases may be established as an inference by the jury from the facts proved; that is by circumstantial evidence.

"Under the law those who enter into a conspiracy to violate the criminal laws thereby forfeit their independence and jeopardize their liberty; they thereby place their safety and freedom in the hands of each and every member of the conspiracy. He who hunts with the pack is responsible for the kill."

[3-5] Both Resendez and Lee were serving felony sentences, and G.S. 148-45 provides that any prisoner serving a felony sentence "who escapes or attempts to escape from the State prison system shall . . . be guilty of a felony . . . . " G.S. 14-17 provides that murder committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary, *or other felony,* shall be deemed to be murder in the first degree. Furthermore, a felony murder may be proven by the State although the bill of indictment, as here, charges murder in the statutory language of G.S. 15-144. *State v. Fogleman,* 204 N.C. 401, 168 S.E. 536 (1933); *State v. Smith,* 223 N.C. 457, 27 S.E. 2d 114 (1943); *State v. Mays,* 225 N.C. 486, 35 S.E. 2d 494 (1945); *State v. Scales,* 242 N.C. 400, 87 S.E. 2d 916 (1955). Hence it was permissible in this case for the State to prove, if it could, a conspiracy to escape and that the murder of Earl C. Strickland was committed in the escape attempt. "A conspiracy, though not charged as a crime, may be shown by the prosecution as an evidentiary fact to prove participation in a substantive crime." 16 Am. Jur. 2d, Conspiracy § 37; see Annot.—Instruction or evidence as to conspiracy where there is no charge of conspiracy in indictment or information, 66 A.L.R. 1311.

In light of the foregoing principles, was it error to charge the jury as above set out? We think not.

The State's evidence in this case makes out a *prima facie* case of conspiracy between Resendez and Lee to escape. This unlawful agreement was entered into prior to June 2, 1969. Resendez had possessed the .22 caliber pistol for "around eight days." On the morning of June 2 when Boyd Strickland, in response to the call from Resendez, approached the door to the prison dormitory, Lee was standing about twenty feet from the door with his hand in his pocket. When Resendez put the pistol on Boyd Strickland, Lee immediately came closer—within three to four feet of Boyd Strickland. After Earl C. Strickland was summoned by Boyd Strickland and as he approached the door, Resendez pushed Boyd Strickland toward Lee and said "you keep him." Lee then put a knife to Boyd Strickland's throat and

---

State v. Lee

---

kept it there until Resendez struggled with and killed Earl Strickland. The evidence further discloses that some time prior to the murder of Earl Strickland, Resendez had filled a pillowcase with undisclosed items of personalty. At the time he and Lee were leaving with Sergeant Locklear as their hostage, after the killing and after locking the other officers in the dormitory, Resendez said to Lee "go get the sheet." Lee thereupon went to another dormitory and returned with the pillowcase containing Resendez' property. Whether or not it also contained items belonging to Lee is unclear. Be that as it may, this evidence points unerringly to the conclusion that Resendez and Lee had a meeting of the minds prior to the murder.

[6, 7] "The general rule is that when evidence of a *prima facie* case of conspiracy has been introduced, the acts and declarations of each party to it in furtherance of its objectives are admissible against the other members. *State v. Gibson,* 233 N.C. 691, 65 S.E. 2d 508; *State v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; 16 Am. Jur. 2d, Conspiracy, §§ 35, 36, 37, 38, pp. 146, 147 (citing authorities). Consideration of the acts or declarations of one as evidence against the co-conspirators should be conditioned upon a finding: (1) a conspiracy existed; (2) the acts or declarations were made by a party to it and in pursuance of its objectives; and (3) while it was active, that is, after it was formed and before it ended. *State v. Dale,* 218 N.C. 625, 12 S.E. 2d 556; *State v. Lea,* 203 N.C. 13, 164 S.E. 737; 11 Am. Jur. 571. Of course a different rule applies to acts and declarations made before the conspiracy was formed or after it terminated. Prior or subsequent acts or declarations are admissible only against him who committed the acts or made the declarations." *State v. Conrad,* 275 N.C. 342, 168 S.E. 2d 39 (1969).

[8] When the foregoing charge is considered in light of the evidence it is free from reversible error. The charge does not mean, and could not have been understood by the jury to mean, that if Lee joined Resendez in an escape scheme *after Resendez had already murdered the guard,* Lee also would be guilty of the murder. That is not the law in North Carolina and the charge here had no such connotation because (1) there was no conspiracy until Lee became a party to the scheme, and (2) the evidence is overwhelming that Lee was an active participant in the escape plot long before Earl Strickland was killed. Defendant's third assignment of error is overruled.

For his fourth assignment of error defendant contends that in the portion of the charge quoted above the court expressed an opinion on the evidence when it used the language "[h]e who hunts with the pack is responsible for the kill."

[9]  G.S. 1-180 requires the judge to explain the law but give no opinion on the facts. The purpose of the section is to secure the right of every litigant to have his cause considered by an impartial judge and an unbiased jury. *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173 (1954). The statute is mandatory and a violation of it is prejudicial error. *Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522 (1962).

[10, 11]  This Court has consistently endeavored to maintain the integrity of G.S. 1-180 by requiring strict observance of its provisions. Even so, our interpretation of the charge here complained of refutes defendant's conclusion. We perceive nothing in the instructions which should prejudice a mind of ordinary firmness and intelligence. "The charge of the court must be read as a whole . . . , in the same connected way that the judge is supposed to have intended it and the jury to have considered it . . . ." *State v. Wilson,* 176 N.C. 751, 97 S.E. 496 (1918). It will be construed contextually, and isolated portions will not be held prejudicial when the charge as whole is correct. *State v. Cook,* 263 N.C. 730, 140 S.E. 2d 305 (1965) ; *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334 (1963) ; *State v. Taft,* 256 N.C. 441, 124 S.E. 2d 169 (1962). If the charge presents the law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966). "It is not sufficient to show that a critical examination of the judge's words, detached from the context and the incidents of the trial, are capable of an interpretation from which an expression of opinion may be inferred. *State v. Jones,* 67 N.C. 285." *State v. Gatling,* 275 N.C. 625, 170 S.E. 2d 593 (1969).

[12]  The isolated phraseology "[h]e who hunts with the pack is responsible for the kill," objected to by defendant, was intended as an illustrative statement of the law of conspiracy. It is highly unlikely that the statement was considered by the jury as anything other than an illustration of the law. When considered in the context in which it was used it had no prejudicial effect on the result of the trial and was therefore harmless. *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774 (1950). This assignment is overruled.

State v. Lee

[13] Defendant Lee offered no evidence. After stating the contentions of the State and of the other defendant Resendez, the Court charged with respect to Lee's contentions as follows: "The defendant Lee says and contends by his plea of not guilty that the witnesses for the State, their testimony deserves no weight or credit, should not be believed, that the State has failed to carry the burden cast upon it and failed to prove his guilt beyond a reasonable doubt of any charge; that you should give him the benefit of that doubt and find him not guilty."

Lee assigns this portion of the charge as error, contending that it made him look ridiculous in the eyes of the jury and amounted to a fundamental misconstruction of his contentions. He cites *State v. Dooley,* 232 N.C. 311, 59 S.E. 2d 808 (1950), in support of his position.

Upon his plea of not guilty Lee could hardly contend otherwise than that the testimony of the State's witnesses should not be believed. He could not very well contend that their testimony represented the truth of the matter. For the judge to so charge is no distortion of defendant's position. While the able and patient judge in this instance might well have stated no contentions at all on Lee's behalf and rested on a simple explanation of the effect of Lee's plea of not guilty, his attempt to give a logical contention for Lee in face of the overwhelming evidence of guilt will not be held for error. This case is quite different from the factual misconception by the trial court in *State v. Dooley, supra,* and the obvious intent to ridicule defendant's plea of not guilty in *State v. Douglas,* 268 N.C. 267, 150 S.E. 2d 412 (1966).

We hold that the charge here does not constitute a fundamental misconstruction of Lee's contentions. Hence the general rule applies that objections to the charge in stating the contentions of the parties must be called to the court's attention in apt time to afford opportunity for correction. Otherwise an exception thereto will not be considered on appeal. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970) ; *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968) ; *State v. Butler,* 269 N. C. 733, 153 S.E. 2d 477 (1967).

Evidence of Lee's guilt is amply sufficient to carry the case to the jury and to support the verdict. In the trial below we find

No error.