STATE OF NORTH CAROLINA v. RONALD CLAY JOHNSON

No. 3

(Filed 13 December 1972)

1. Criminal Law §§ 113, 118, 163— jury charge on contentions of parties — necessity for objection

Ordinarily, a misstatement of contentions by the trial judge must be brought to the trial judge's attention so as to allow opportunity for correction; however, where the trial judge, in stating contentions, erroneously defines the intensity of proof or gives contentions for the State not supported by evidence, or fundamentally misconstrues a defendant's contentions, error results even though there be no objection at the time.

2. Criminal Law § 118; Rape § 6— jury charge on defendant's contentions — no error

The trial court in a rape case properly presented contentions of defendant with respect to penetration and force where defendant had entered a plea of not guilty and where, by defendant's own testimony, he negated penetration and force directed to the commission of rape.

APPEAL by defendant from *McKinnon, J.,* 14 June 1971 Special Criminal Session of WAKE.

Defendant was tried upon a bill of indictment charging rape. He entered a plea of not guilty.

The State's evidence tended to show that in the evening of 18 March 1971 Mrs. Ruth Pruden was working in her yard when defendant stopped and asked her how to find a family in the neighborhood for whom he was to do some plumbing work. Mrs. Pruden gave him directions, and he left. She worked until dark, and when she entered her house she was struck from behind and rendered unconscious. When consciousness returned, a sweater was wrapped around her head, which prevented her from seeing. Her assailant took her to a field behind her house

and began to remove some of her clothing. He then told her that if she would be reasonable they would go back to the house. They returned to the house, whereupon defendant had sexual intercourse with her against her will. Thereafter, he asked about a radio and left the room. Mrs. Pruden obtained a pistol from under her pillow and shot three times in the direction of defendant. She believed she had hit him twice. He ran, and she immediately went to a neighbor's home and related what had happened. Mrs. Pruden was then taken to the hospital, where she was examined by Dr. Hartzog. The doctor testified at trial that there was evidence of recent sexual intercourse.

The State also offered evidence of a statement made by defendant to police officers which tended to corroborate defendant's testimony hereinafter related.

Defendant testified that he entered the Pruden home with intent to steal, and when Mrs. Pruden entered the house he forced her to take him to her pocketbook. While he was searching the pocketbook she shot him. He ran away and removed the bullet from his arm himself. He denied that he assaulted or raped Mrs. Pruden and stated that the only force used was when he forced her to take him to the pocketbook.

The jury returned a verdict of guilty of rape with recommendation of life imprisonment. Defendant gave notice of appeal but the appeal was not timely perfected. Defendant petitioned for writ of certiorari to Wake County Superior Court to the end that he be allowed a belated appeal. The petition was allowed on 7 March 1972.

*Attorney General Morgan and Assistant Attorney General Eatman for the State.*

*W. Brian Howell, Harris, Poe, Cheshire & Leager for defendant.*

BRANCH, Justice.

The sole question presented by this appeal is whether the trial judge erred in stating defendant's contentions.

Defendant points to that portion of the charge which, in substance, stated that defendant contended that there was not sufficient evidence of penetration to establish rape, and that there was not sufficient evidence of force or threat of force to

cause the prosecuting witness to submit against her will to sexual intercourse. In this portion of the charge the trial judge further charged that defendant had consistently denied any assault or sexual attack upon Mrs. Pruden's person and that defendant contended that "from the inconsistencies and discrepancies in the State's evidence that you should find, and from his evidence, that you should find that he did not commit any assault or assault with intent to rape, on Mrs. Pruden whatsoever." Defendant argues that at no point in the record did he challenge the sufficiency of the State's evidence regarding penetration of the person of Mrs. Pruden or the sufficiency of the State's evidence regarding force or threat of force essential to the crime of rape. He therefore contends these instructions placed the burden of proof upon him to prove lack of penetration and consent.

Defendant failed to bring this objection to the court's attention in apt time to afford the trial judge opportunity for correction.

[1] Ordinarily, a misstatement of contentions of the trial judge must be brought to the trial judge's attention so as to allow opportunity for correction. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765; *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28; *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469. Nevertheless, where the trial judge, in stating contentions, erroneously defines the intensity of proof or gives contentions for the State not supported by evidence, or fundamentally misconstrues a defendant's contentions, error results even though there be no objection at the time. *State v. Lee, supra; State v. Dooley,* 232 N.C. 311, 59 S.E. 2d 808; 3 Strong's N. C. Index, Criminal Law, §§ 118, 163.

[2] Defendant's plea of not guilty called into question all the State's evidence and required the State to prove beyond a reasonable doubt every element of the offense charged. *State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557; *State v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537. By his own testimony he negated penetration and force directed to the commission of rape. Nowhere in this record is it conceded that any one of the elements of rape was present.

The trial judge placed defendant's contentions in the proper perspective by prefacing them with the following statement: "The defendant contends that he is not guilty. The defendant by his plea of not guilty denies the charge. He denies the suf-

ficiency of the State's evidence to satisfy you beyond a reasonable doubt of his guilt." The trial judge correctly defined the term "reasonable doubt" and in no less than six places in the charge correctly placed the burden upon the State to prove defendant's guilt beyond a reasonable doubt. We find no fundamental misconstruction of defendant's contentions by the trial judge.

A contextual reading of the entire charge discloses it to be full, fair, and free from prejudicial error.

We have carefully examined this entire record and find

No error.