STATE OF NORTH CAROLINA v. DAVID HENRY SHORES AND CHARLES DAVON HUGHES

No. 7518SC690

(Filed 7 January 1976)

1. Homicide § 21— second degree murder — shooting — sufficiency of evidence

   Evidence was sufficient to be submitted to the jury in a second degree murder prosecution where such evidence tended to show that

one defendant and deceased engaged in an argument, defendant pulled a knife on deceased after which deceased pulled a knife on defendant, defendant moved over to a parked car where another defendant, who was in the car, handed him a pistol, defendant fired some shots in the direction of deceased, deceased chased defendant, defendant ran a short distance and then turned and shot deceased, and defendant then got into the car with the defendant who had given him the pistol and left the scene.

2. **Homicide § 28— abandoning fight — jury instructions proper**
    The trial court's instructions in a second degree murder prosecution on abandoning the fight were sufficient.

3. **Homicide § 24— provocation and self-defense — burden of proof — jury instructions**
    The trial court's charge instructing the jury that defendants had the burden of proving provocation and self-defense was not invalidated by *Mullaney v. Wilbur*, 421 U.S. 684, since that decision applies only to trials conducted on or after 9 June 1975, and the instant case was tried in March of 1975.

APPEAL by defendants from *McConnell, Judge.* Judgment entered 13 March 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 November 1975.

By separate indictments, defendants were charged with the murder of Lee Martin Hammonds (Martin) and, without objection, the cases were consolidated for trial. The State elected not to seek verdicts of first-degree murder but asked for verdicts of second-degree murder or such lesser offense as might be appropriate. Both defendants pled not guilty.

The State's evidence, summarized in pertinent part, tended to show:

At approximately 9:30 p.m. on 11 November 1974, Martin, his wife, his brother Deanie, and other relatives were on the premises of the G & H Restaurant and the Amber Room, a beer joint on English Street in the City of High Point. While outside and near the Amber Room, Deanie encountered defendant Shores who began cursing Deanie and invited him to fight. Deanie returned to the Amber Room and told Martin about the encounter, after which Martin came out and he and defendant Shores began cursing each other. Martin told defendant Shores if he was going to fight anybody to fight him. Defendant Shores pulled a knife on Martin after which Martin pulled a knife and they proceeded to curse and swing their knives at each other. Defendant Shores moved on over to a parked

car where defendant Hughes, who was in the car, handed him a pistol. Defendant Shores fired the pistol three or four times in the direction of Martin and his relatives who were standing near him. That made Martin mad and he began running toward defendant Shores who ran a short distance in the opposite direction, then turned and shot Martin in the left temple, inflicting a mortal wound. Defendant Shores then got in the car with defendant Hughes and they left the scene.

Defendant Shores offered no evidence. Defendant Hughes offered evidence tending to show: On the night in question, as defendant Shores and a friend were going into the Amber Room, Martin came out of the building, falsely accused Shores of calling his brother names, and threatened to kill Shores. Martin pulled out a knife and said, "You and all your friends come on," swung the knife at Shores, and started chasing Shores toward the car. Several shots were fired (defense witnesses did not see who fired the shots or in what direction they were fired) and Martin, with the knife in his hand, continued chasing Shores. Finally Shores stopped running, turned around and shot Martin.

The court instructed the jury that they might return verdicts of second-degree murder, voluntary manslaughter, involuntary manslaughter, or not guilty. Both defendants were found guilty of second-degree murder. As to defendant Shores, the court entered judgment imposing prison sentence of not less than 12 nor more than 15 years. As to defendant Hughes, it entered judgment imposing prison sentence of not less than 5 nor more than 10 years.

*Attorney General Edmisten, by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Clara Anne Williamson for defendant appellant Charles Davon Hughes.*

*Assistant Public Defender Richard S. Towers for defendant appellant David Henry Shores.*

BRITT, Judge.

The case against defendant Hughes was properly submitted on the principle of aiding and abetting. The court instructed the jury, in effect, that they would first determine if defendant Shores was guilty of either of the offenses submitted, and,

if so, they would then determine if defendant Hughes was guilty as an aider and abettor. That being true, both defendants argue the same basic questions.

[1] Defendants' assignment of error that the court erred in denying their motions for nonsuit as to all charges are clearly without merit and are overruled. Likewise, we find no merit in the assignment that the cases should not have been submitted on second-degree murder. Murder in the second degree is the unlawful killing of a human being with malice but without premeditation and deliberation. 4 Strong, N. C. Index 2d, Homicide § 5. Considering the evidence in the light most favorable to the State, as we are bound to do, we hold that it was sufficient to support a verdict of murder in the second degree.

[2] Defendants' strongest assignments of error relate to the court's instructions to the jury. Among these, they contend that the court, on at least one occasion when it referred to the question of whether defendant Shores was the aggressor and whether he used excessive force, committed prejudicial error when it did not go further and instruct on the principle of abandoning the fight. We find no merit in the assignments.

While agreeing that the question of abandoning the fight or "quitting the combat" was vital to defendants in this case, when the jury charge is considered as a whole, and the challenged instruction is considered contextually, we think defendants were given a fair charge. Defendant Hughes specifically requested that the court read from the opinion in *State v. Correll*, 228 N.C. 28, 44 S.E. 2d 334 (1947). The court did so and gave other instructions on the principle of abandoning the fight. On two occasions after giving the instruction complained of— which came near the end of the charge—the court repeated defendants' contention that defendant Shores did not cause the altercation, but, if he did, he had abandoned the fight before shooting Martin. If the jury charge taken as a whole presents the law fairly and clearly, the fact that some statements, standing alone, might be considered erroneous will afford no ground for reversal. *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970).

[3] Defendants assign as error portions of the charge instructing the jury that defendants had the burden of proving provocation and self-defense, and rely on *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (filed 9 June 1975). Questions raised by this assignment were answered by our

State Supreme Court in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575, (filed 17 December 1975). While conceding that *Mullaney* invalidates instructions similar to those challenged by this assignment, the court in *Hankerson* ruled that *Mullaney* will not be given retroactive effect in North Carolina and will apply only to trials conducted on or after 9 June 1975. The instant case was tried in March of 1975.

We have considered the other assignments of error brought forward and argued in defendants' briefs but find that they too are without merit.

We hold that defendants received a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge MORRIS concur.