STATE OF NORTH CAROLINA v. JAMES ALEXANDER PARKS

No. 7526SC737

(Filed 17 March 1976)

1. **Constitutional Law § 30— motion for speedy trial — failure to hold hearing**

The trial court did not err in failing to hold a plenary hearing on defendant's handwritten motion to dismiss for lack of a speedy trial where a hearing was set twelve days after the motion was made

by defendant, no one showed up for the hearing, defendant did not demand a hearing between the date set for a hearing and the date judgment was entered against him, and defendant did not complain of not having a hearing at the beginning of his trial.

2. **Criminal Law § 98— denial of motion to sequester witness**

    The trial court did not abuse its discretion in the denial of defendant's motion to sequester the State's witness in a prosecution for felonious assault.

3. **Criminal Law § 88— right of cross-examination — repetitious questions**

    The trial court did not unduly limit defendant's right of cross-examination of a State's witness in refusing to permit defense counsel to ask the witness a question which was repetitious of questions already asked of the witness.

4. **Assault and Battery § 15— instructions — recapitulation of evidence — labeling offense as "guilty of assault with deadly weapon"**

    When the charge of the court in this felonious assault prosecution is read as a whole, the trial court did not err in recapitulating certain testimony of defendant, in failing to recapitulate evidence adduced by defense counsel on cross-examination, or in labeling the offense "guilty of assault with a deadly weapon" rather than simply "assault with a deadly weapon."

5. **Assault and Battery § 15— felonious assault — instructions on intent to kill**

    The trial court's instructions in a felonious assault case did not allow the jury to find the element of intent to kill based solely on proof of the assault where the court further stated that the jurors must determine from the facts and circumstances whether the assault was committed with the specific intent to kill.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 11 June 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 January 1976.

Defendant was charged in a bill of indictment with the offense of assault with a deadly weapon with intent to kill, inflicting serious injury.

The evidence for the State tends to show that on 14 July 1974, there was a rock concert being held at Charlotte Memorial Stadium and that defendant, along with several companions, was milling around the outside of the stadium. Officer Barry W. Worley and Officer Dunn chased the defendant and his companions through a tunnel leading under Independence Boulevard into a parking lot because the defendant had cursed at them. As the defendant reached the parking lot, he turned without provocation, without motive, and for some unexplained reason, shot Barry Worley five times with an undescribed

weapon thought to be a handgun or pistol. After the shooting, defendant fled through the parking lot but was apprehended behind the buildings some blocks away. As a result of one of the gunshot wounds received, Officer Worley is now paralyzed from the waist down. The Charlotte Police Department recovered this weapon, but it was not introduced into evidence nor compared with the bullet found in Officer Worley's body.

The defendant offered evidence tending to show that he had been chased from the vicinity of Charlotte Memorial Stadium through a tunnel under Independence Boulevard and struck on the head by a policeman with a billy stick. After having been struck, he fled through the parking lot and was later apprehended by the police some blocks away. The defendant testified that he did not fire any shots at Officer Worley and he did not possess a handgun.

From a jury verdict of guilty and a judgment imposing a prison sentence thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Acie L. Ward, for the State.*

*John H. Hasty, for defendant appellant.*

MARTIN, Judge.

[1] Defendant contends the trial court committed prejudicial error in failing to hold a plenary hearing on the defendant's motion for a speedy trial and habeas corpus which was filed prior to his trial in this manner. Although Judge Snepp's order finds that defendant's handwritten petition presented grounds for determination upon review under habeas corpus, it does not state the specific basis of grounds alleged by defendant to have violated his constitutional rights.

Assuming that the petition presents a motion for dismissal for lack of a speedy trial or a motion for a speedy trial and a reduction of bond, the trial judge should hear evidence and find facts where the record shows a substantial delay and does not show the cause therefor. *State v. Roberts,* 18 N.C. App. 388, 197 S.E. 2d 54 (1973). We do not propose, however, that the trial judge must hold an evidentiary hearing each time a defendant contends that he has been denied a speedy trial. In this case, a hearing was set twelve days after the handwritten motion was made by the defendant. However, there is no indica-

tion in the record that anyone showed up for the hearing although the date, hour, and court was specifically set in Judge Snepp's order.

" . . . [A] defendant may waive the benefit of statutory or constitutional provisions by express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. (Citations omitted.)" *State v. Gaiten,* 277 N.C. 236, 176 S.E. 2d 778 (1970). The defendant did not demand a hearing from and after May 21, 1975, the date set for the hearing, and June 11, 1975, the date judgment was entered against him, nor did the defendant complain of not having a hearing at the beginning of his trial. "A defendant who has himself caused the delay, or acquiesced in it, will not be allowed to convert the guarantee, designed for his protection, into a vehicle in which to escape justice." *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274 (1969). This assignment of error is overruled.

[2]   The defendant next contends that the trial court committed prejudicial error in failing to sequester the State's witness. The trial court's denial of defendant's motion, made prior to the commencement of trial, to sequester the witness is not reviewable on appeal except in the case of abuse of discretion. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239 (1973). We find no indication in the present record of abuse of discretion.

[3]   Defendant next contends the trial court committed prejudicial error in limiting the defendant's right of cross examination of the State's witness Walter J. Dunn. The relevant portion of the record is as follows:

> "I did not examine his physical person after I arrested him. Particularly, I did not examine his head. I did not recall his head bleeding when I found him with a gash in it. I don't recall him having a busted head. I did not see that as I recall. I saw him briefly, yes, sir.
>
> Q. Well, you saw him within five minutes after you say you heard the shooting, yet you didn't see this man's head?
>
> Court: Now, Mr. Plumides, he has answered your questions. Let's move on.
>
> Q. Your honor, please, may I be permitted to ask him that again.
>
> Court: No, you have asked him and he has answered the question. Let's move on."

While defendant's counsel should be allowed a fair cross examination of all prosecution witnesses, it appears in the present case that the question defendant's counsel wanted to ask Walter J. Dunn was repetitious of questions already asked of the witness. Thus, the judge acted properly in asking counsel to "move on" with his questioning. " 'The limits of legitimate cross examination are largely within the discretion of the trial judge, and his ruling thereon will not be held for error in the absence of showing that the verdict was improperly influenced thereby.' (Citation omitted.)" *State v. McPherson*, 276 N.C. 482, 172 S.E. 2d 50 (1970). This assignment of error is overruled.

[4]  The defendant next contends that the trial court committed prejudicial error in its charge to the jury. The defendant makes three separate exceptions within this assignment of error. First, he claims that the court erred in recapitulating certain testimony of the defendant. The defendant had testified that he and some others were sitting in a parking lot, and "had a beer with us." The court recapitulated this testimony by saying, "so they walked over to the parking building lot across Independence and had a beer bust." Second, the defendant claims that the court erred in failing to recapitulate evidence which his counsel adduced on cross examination. This evidence was as follows:

> "DEFENDANT'S ATTORNEY: Was there a comparison [of the bullets found in the victim and the gun found near the scene of the crime] made?
>
> OFFICER DUNN: Yes, sir, as far as I know."

Third, the defendant claims that the court erred in charging the jury on the offense of assault with a deadly weapon. The essence of this claim is that the court labeled the offense "guilty of assault with a deadly weapon . . . " rather than simply "assault with a deadly weapon." We find no merit in any of these exceptions. As our Supreme Court noted in *State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970), "[w]e perceive nothing in the instructions which should prejudice a mind of ordinary firmness and intelligence. 'The charge of the court must be read as a whole . . . , in the same connected way that the judge is supposed to have intended it and the jury to have considered it . . . . ' *State v. Wilson*, 176 N.C. 751, 97 S.E. 496 (1918). It will be construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct. (Citations omitted.)"

**[5]** Defendant further contends the trial court committed prejudicial error in its charge to the jury on "intent to kill," an essential element of the offense charged.

In its charge to the jury the trial court stated the following:

> "Now, as to the first of these, the offense of assault with a deadly weapon with intent to kill inflicting serious injury, I instruct you that for you to find the defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury, the State must prove four things beyond a reasonable doubt: (1) that the defendant acted intentionally; (2) that the defendant used a deadly weapon, and a handgun or a pistol is a deadly weapon as a matter of law; (3) the State must prove that the defendant had the specific intent to kill. By intent to kill, it means that no special intent is required beyond the intent to commit an unlawful act which may be inferred from the nature of the assault and the attending circumstances. It is for you to determine from the facts and circumstances in evidence whether the assault was committed with the specific intent to kill; and (4) the State must prove beyond a reasonable doubt that the defendant inflicted serious bodily injury upon Mr. Worley."

The defendant contends that by its charge, the trial court has informed the jurors that no further specific proof was necessary concerning the intent to kill and that the jurors could infer from the fact of the assault that the intent to kill was existent. However, the instruction did not allow the jury to find this element based solely on proof of the assault since the court further stated that the jurors must determine from the facts and circumstances whether the assault was committed with the specific intent to kill.

As stated above, it is settled law in North Carolina that the charge of the court must be read as a whole and construed contextually, and " . . . isolated portions will not be held prejudicial when the charge as a whole is correct. (Citations omitted.) If the charge presents law fairly and clearly to the jury, the fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal. (Citation omitted.)" *State v. Lee, supra.*

Construing the charge as a whole, the court correctly instructed the jury on the burden of proof as to each element of the offense. This assignment of error is overruled.

We find no prejudicial error in defendant's trial.

No error.

Judges VAUGHN and CLARK concur.