ELMORE, Judge.
In May of 1995, Gwendolyn Faircloth (Faircloth) was in a neighborhood selling insurance and collecting premiums. Grady Stimpson (defendant) stopped her and asked for a ride to get money to pay for a policy he was allegedly trying to purchase. Defendant asked Faircloth to drive him to his sister's apartment. When defendant returned to the car, he said his sister was not home, and asked Faircloth to drive him to McConnell Road. When Faircloth drove defendant to McConnell Road, defendant pulled out a pocketknife and cut Faircloth's neck.
Faircloth then exited her car and ran to a farmer, Mr. Hackett, who was plowing his field and was about 15 feet away from the stopped car. She climbed up on the tractor, getting blood on both Mr. Hackett and the tractor. Mr. Hackett, in his trial testimony, described Faircloth as "hysterical" and "scared to death . . ." Defendant approached the tractor, at which point Mr. Hackett shouted at him to go away. Defendant left after retrieving something from the car.
Faircloth called the police from Mr. Hackett's home. When police arrived and searched the car, it was determined that Faircloth's purse, which contained the insurance collections, was missing. Faircloth was later treated at the emergency room. The two inch gash on her neck required seven stitches and resulted in a permanent scar.
I.
Defendant first assigns error to the trial court's instruction to the jury on flight, arguing that he walked away from the scene after being ordered to leave by the landowner.
An instruction to a jury will not be viewed in isolation, but rather must be considered in the context of the entire charge. State v. Holden, 346 N.C. 404, 438-39, 488 S.E.2d 514, 533 (1997), cert. denied, 522 U.S. 1126, 140 L. Ed. 2d 132 (1998). Instructions that as a whole present the law fairly and accurately to the jury will be upheld. State v. Rich, 351 N.C. 386, 393-94, 527 S.E.2d 299, 303 (2000) (quoting State v. Lee, 277 N.C. 205, 214, 176 S.E.2d 765, 770 (1970)).
A trial judge may instruct a jury on a defendant's flight if "there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." State v. Thompson, 328 N.C. 477, 489, 402 S.E.2d 386, 392 (1991) (quoting State v. Levan, 326 N.C. 155, 164-65, 388 S.E.2d 429, 434 (1990)). "Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." Thompson, 328 N.C. at 490, 402 S.E.2d at 392.
In the case at bar, defendant's counsel did object to the instruction on flight, so the issue is properly preserved for appeal. The instruction on flight was given in the trial court's introductory instructions, just after he instructed the jury on types of evidence and interested witnesses. The instruction was as follows:
In this case, the State contends and the defendant denies that the defendant fled. Evidence of flight may be considered by you together with all other facts and circumstances in these cases in determining whether the combined circumstances amount to an admission or show a consciousness of guilt. However, proof of this circumstance is not sufficient in itself to establish the defendant's guilt of either of these alleged offenses.
The evidence showed that defendant walked away from the scene after being ordered by Mr. Hackett to go. Police immediately began an investigation including going to the defendant's home and contacting his family. His family claimed to not know where he was. The evidence showed that there was a warrant for defendant's arrest, and that defendant was finally apprehended in Suffolk, Virginia three and one-half years after the incident.
There is sufficient, and unchallenged, evidence that the defendant left the scene of the crime. The issue is whether there was sufficient evidence that he also took steps to avoid apprehension.
The testimony of the investigating detective, Herbert L. Byrd, was that he tried to locate the defendant by going to his home, contacting his family, and going by places where the defendant was known to spend time. When he was unable to locate defendant by these efforts, Detective Byrd put the defendant on the state wanted list on the National Crime Information Computer, known as "NCIC." This made defendant's information available to law enforcement officers nationwide. In 1998, over three years after the crime was committed, Detective Byrd received a call from the dispatcher whosaid that they had received a call from Suffolk, Virginia police that they had defendant in custody. Defendant was subsequently transported to North Carolina to stand trial.
On this evidence it is questionable whether the police conducted a rigorous enough search to support a conclusion that the defendant was avoiding apprehension. There is no evidence of defendant's reasons for going to Virginia, or when he went, but only that he was found there over three years after the crime. However, even if an instruction on flight was not warranted, the error would be harmless because of the other evidence against the defendant. Defendant did not contest his identification or the evidence against him, and he presented no alibi at trial. Defendant did not demonstrate any prejudice against him as a result of the instruction. Therefore, this assignment of error is without merit.
II.
Defendant next assigns error to the trial court's peremptory instruction that the injury was serious, where the evidence was that the prosecuting witness received a two-inch cut on the neck that was covered with a band-aid and later closed with stitches.
The term `inflicts serious injury' means physical or bodily injury resulting from an assault with a deadly weapon with intent to kill. The injury must be serious but it must fall short of causing death. Further definition seems neither wise nor desirable. Whether such serious injury has been inflicted must be determined according to the particular facts of each case.
State v. Jones, 258 N.C. 89, 91, 128 S.E.2d 1, 3 (1962).
Our Supreme Court has determined:
Whether a serious injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions. A jury may consider such pertinent factors as hospitalization, pain, loss of blood, and time lost at work in determining whether an injury is serious. Evidence that the victim was hospitalized, however, is not necessary for proof of serious injury.
Although this Court has never considered whether the trial judge may peremptorily instruct the jury on the serious injury element of N.C.G.S. § 14-32, n3 the Court of Appeals has long upheld such peremptory instructions. . . . a trial court may peremptorily instruct the jury on the serious injury element of N.C.G.S. § 14-32 if the evidence "is not conflicting and is such that reasonable minds could not differ as to the serious nature of the injuries inflicted." We adopt this standard today. In the absence of conflicting evidence, a trial judge may instruct the jury that injuries to a victim are serious as a matter of law if reasonable minds could not differ as to their serious nature.
State v. Hedgepeth, 330 N.C. 38, 53-54, 409 S.E.2d 309, 318-19 (1991) (citations omitted), cert. denied, 529 U.S. 1006, 146 L. Ed. 2d 223 (2000).
In the case at bar, Faircloth was cut on the neck and thehand. The cut on the hand was not considered serious. The cut on her neck was two inches long, bled profusely, and required seven stitches. This is sufficient to be considered a "serious injury" under the law. Reasonable minds would not differ that a deep wound requiring several stitches in close proximity to main arteries is a serious wound. Therefore the instruction was appropriate.
No error.
Judges McGEE and McCULLOUGH concur.
Report per Rule 30(e).