STATE v. NUMA HILL.

(Filed 15 December, 1943.)

**1. Courts § 2a—**

Where the agreed case on appeal shows that the action originated in a municipal court and on appeal was tried in the Superior Court, the motion here of the Attorney-General to dismiss the appeal for lack of jurisdiction in the Superior Court is properly denied.

**2. Indictment § 15—**

In a criminal prosecution in a municipal court for the unlawful (1) barter, sale, exchange, (2) transportation, (3) purchase, receipt, possession (for the purpose of sale) of intoxicating liquors, it appearing (though not in the record) that the phrase "for the purpose of sale" was inserted by amendment of warrant in the Superior Court, after the State had rested its case, conceding that the court erred in permitting such amendment, the error is harmless, as the jury returned a general verdict of guilty as charged—and there were two other counts in the warrant.

APPEAL by defendant from Olive, Special Judge, at 23 March, 1943, Term, of GUILFORD.

Criminal prosecution upon warrant issued in municipal court of High Point charging that defendant did on or about 15 May, 1942, unlawfully (1) barter, sell, give away, furnish, deliver, exchange and otherwise dispose of intoxicating liquors, (2) transport and import intoxicating liquors, and (3) purchase, receive, have on hand and possess (for the purpose of sale) intoxicating liquors—"65 pints of Federal tax-paid liquor against the form of the statute," etc. It is noted that while the record does not so show, it is stated that the phrase "for purpose of sale" appearing in the third count above was inserted by amendment in Superior Court after the State had introduced all its evidence and rested its case.

Upon trial in said municipal court, defendant being found guilty, judgment was entered that he be confined in the county jail for six months to be assigned to work on the roads. The record proper on this appeal does not show any appeal entries in the municipal court. Yet in

the agreed case on appeal it is stated that "this action originated in the High Point municipal court and on appeal was tried in the Superior Court of Guilford County." In Superior Court the verdict is that "the jury finds the defendant guilty as charged." The court thereupon pronounced judgment that defendant be confined in the common jail of Guilford County for a period of eight months, to be assigned to work under the supervision of the State Highway and Public Works Commission. Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*C. N. Cox for defendant, appellant.*

WINBORNE, J. The motion of the Attorney-General to dismiss the appeal for lack of jurisdiction in the Superior Court is denied for that it appears in the agreed case on appeal that the action originated in the municipal court of High Point and on appeal was tried in Superior Court.

On the other hand, the question involved and presented on this appeal, as stated in appellant's brief, is whether the court erred in permitting the solicitor to amend the warrant as indicated in the foregoing statement of facts. If it be conceded that the court did err in this respect, the error is harmless because the jury has returned a general verdict of guilty as charged—and there are two counts in the warrant other than that charging unlawful possession of intoxicating liquors for purpose of sale. Moreover, as the charge of the court is not contained in the case on appeal, we must assume that the case was submitted to the jury on the charges laid in the warrant.

No error.