### STATE v. HUBERT HENRY HALL.

(Filed 13 April, 1966.)

**1. Criminal Law § 18—**

Where the record contains a stipulation that defendant was found guilty in a recorder's court and appealed to the Superior Court from the judgment pronounced, the appeal is not subject to dismissal for failure of the record to show the verdict, judgment or appeal entries in the recorder's court.

**2. Criminal Law § 107—**

The failure of the court to define the terms "presumption of innocence," "burden of proof," "*quantum*" and "reasonable doubt" will not be held for error in the absence of a special request.

**3. Automobiles § 74—**

A casual reference to narcotics by the court in its charge in a prosecution of defendant for operating his motor vehicle on a highway while under the influence of intoxicating liquor will not be held for prejudicial error when it is apparent from the record that the jury could not have been confused thereby.

STATE *v.* HALL.

**4. Criminal Law § 161—**

Where the charge, read contextually, presents the law fairly and clearly to the jury, an exception thereto will not be sustained, even though some of the excerpts standing alone, might be regarded as erroneous, it being apparent that no prejudice resulted to defendant.

MOORE, J., not sitting.

APPEAL by defendant from *McLean, J.,* August 23, 1965, Regular Criminal Session, CALDWELL Superior Court.

The defendant was charged in a warrant with operating a motor vehicle upon the public highways of the state while intoxicated, in violation of G.S. 20-138. He was tried in the Caldwell County Recorder's Court, found guilty, and appealed from the judgment pronounced. He was tried in the Superior Court and upon being convicted and fine imposed, appealed from that judgment to this Court.

The evidence for the state tended to show that on the 6th day of March 1965 Patrolman Garavanta, in response to certain information which he had received, made an investigation of traffic conditions on Highway 321 and found some eight cars traveling very slowly, following an automobile being driven by the defendant. It was weaving on the road and forced some oncoming cars to leave the road to avoid collision. Two other patrolmen saw the defendant at the scene and all of them testified that the defendant was staggering, had an odor of alcohol on his breath, had difficulty in finding his driver's license and was, in their opinion, under the influence of some alcoholic beverage.

The defendant admitted having had two drinks of liquor earlier in the day but insisted that his condition was primarily caused by fatigue; that his wife had failed to arrive the previous evening as expected; that there was a severe snowstorm and he feared she might be stranded in the snow; that he had spent the previous night seeking her and that his condition, when seen by the patrolman, was due to lack of sleep and extreme exhaustion. He also offered evidence of his good character.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*

*Lila Bellar for the defendant appellant.*

PER CURIAM. The record does not show the verdict, judgment, appeal, entries, or return to the appeal from the Caldwell County Recorder's Court, which is assigned as error by the appellant. However, the record contains a stipulation that the defendant was tried

in the Recorder's Court; was found guilty, and appealed from the judgment pronounced to the Superior Court of Caldwell County. The corollary of this situation appeared in *S. v. Hill,* 223 N.C. 753, 28 S.E. 2d 99, in which the record showed no appeal entries in the municipal court. The attorney general moved to dismiss the appeal for lack of jurisdiction of the Superior Court which was denied "for that it appears on the agreed case on appeal that the action originated in the municipal court of High Point and on appeal was tried in the Superior Court."

The remaining exceptions are to the effect that the court in the charge used phrases such as "presumption of innocence," "burden of proof," *"quantum"* and "reasonable doubt," but did not define or explain them to the jury. The record shows no request that these terms be defined and in *S. v. Browder,* 252 N.C. 35, 112 S.E. 2d 728, the court held that it did not constitute error to fail to define "reasonable doubt" in the absence of a request. A similar holding as to "presumption of innocence" appears in *S. v. Perry,* 226 N.C. 530, 39 S.E. 2d 460 and the same reasoning will apply to the other terms and phrases.

The defendant complains that in referring to the provisions of G.S. 20-138 the court said it provided against material loss of faculties from the use of intoxicants or narcotic drugs, since there was no claim that the defendant was under the influence of the latter. The court did not even intimate as much and his judicial mandate referred only to intoxication. "The charge of the court must be read as a whole * * *, in the same connected way that the judge is supposed to have intended it and the jury to have considered it * * *." *S. v. Wilson,* 176 N.C. 751, 97 S.E. 496. "Even if there is technical error, courts will not reverse where it clearly appears that it is not substantial and could not have affected the result." *State v. Davis,* 175 N.C. 723, 95 S.E. 48.

When a charge presents the law fairly and clearly to the jury, it will afford no ground for reversing the judgment, though some of the expressions, when standing alone, might be regarded as erroneous. *S. v. Exum,* 138 N.C. 599, 50 S.E. 283.

The defendant could not have been prejudiced by the casual reference to the use of narcotics and, after consideration of the charge as a whole, we find

No error.

MOORE, J., not sitting.