State v. Hunt

---

---

STATE OF NORTH CAROLINA v. HENRY LEE HUNT

No. 7116SC767

(Filed 15 December 1971)

**Robbery § 5— instructions — weapons carried by the robbers**

In this armed robbery prosecution, statement made by the court during recapitulation of the State's evidence that "the shotgun and pistol which were taken *in* Mr. Prevatte's store are the same guns held by the men who came in his store" did not constitute an instruction that a shotgun and pistol were stolen *from* the store, the clear meaning of the statement being that the robbers carried a shotgun and pistol into the store to commit the robbery.

ON *certiorari* from *Canaday, Judge,* March 1971 Session of ROBESON Superior Court.

The defendant was tried on three indictments charging him and two others with armed robbery.

At the trial, the State's evidence tended to show that on 27 November 1970 Mr. Henry Prevatte was closing his filling station and grocery store at approximately 8 :20 p.m.; that there were two other men in the store with him; that three men entered the store and informed him that "[t]his is a holdup"; that one of the men carried a shotgun and another had a pistol; that one of the men was the defendant, Henry Lee Hunt; and that the three men took with them Mr. Prevatte's .32 caliber pistol, money from the cash register and also money from Mr. Prevatte and from each of the two men in the store.

The defendant introduced evidence tending to establish an alibi.

The jury returned verdicts of guilty on all three indictments as to defendant Henry Lee Hunt. Judgment was entered on each indictment imposing prison sentences.

From this verdict and judgment, the defendant appeals.

*Attorney General Robert Morgan by Associate Attorney General Charles A. Lloyd for the State.*

*Neill A. Jennings, Jr., for defendant appellant.*

CAMPBELL, Judge.

The defendant assigns as the sole error of the trial tribunal a statement included in the charge to the jury.

In recapitulating the State's evidence, the judge stated:

"That the shotgun and pistol which were taken in Mr. Prevatte's store are the same guns held by the men who came in his store."

The defendant contends that when the judge stated, "[t]hat the shotgun and pistol which were taken in Mr. Prevatte's store are the same guns held by the men who came in his store," he was stating a material fact not in evidence and therefore committing prejudicial error. The defendant argues

that this sentence should be interpreted to mean that a shotgun and a pistol were taken *from* Mr. Prevatte's store and that there is no evidence of that fact. The defendant argues that the judge was in effect instructing the jury that a shotgun was stolen from the store.

The defendant's interpretation of the judge's charge is strained, at the least. We cannot accept it.

In examining the trial court's charge, we must read it as a whole, in the same connected way that it was given to the jury. *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548 (1966).

The word "take" and the word "in" when used alone are susceptible of many meanings and shades of meaning. See Webster's Third New International Dictionary (1968). The context is determinative of the precise meaning conveyed in a given case. In examining the entire charge, we find that the judge stated that, "Mr. Prevatte heard glass break, saw a man with a pistol" and, "[t]hat another man came in, had a shotgun in his hand." Both of these statements precede that part of the instruction which the defendant assigns as error. The judge also charged that a Smith and Wesson pistol and an amount of money were stolen from the store. No mention was made of any shotgun being stolen.

In light of the judge's instruction that the men entered with weapons and that only a pistol and cash were stolen, we can see no way in which a jury could have inferred that a shotgun had been stolen.

The clear meaning of the words in question is that the robbers carried a shotgun and pistol into the store to commit their crime. These two weapons were introduced in evidence after proper identification. There is ample evidence to support this statement in the charge of the judge.

Affirmed.

Judges MORRIS and PARKER concur.