STATE OF NORTH CAROLINA v. ERNEST LINWOOD EDWARDS

No. 745SC887

(Filed 18 December 1974)

1. **Homicide § 27— manslaughter — instructions proper**

   Trial court's definition of manslaughter as "the unlawful killing of a human being without malice, express or implied, and without deliberation or premeditation" followed by the statement that defendant would be guilty of manslaughter if "he intentionally and unlawfully stabbed and killed" deceased properly instructed the jury in a second degree murder case.

2. **Criminal Law §§ 51, 99— expert witness — statement of finding in presence of jury — no error**

   Trial court's statement in the presence of the jury that a medical doctor was an expert witness could only have been understood by the jury to mean that the witness was qualified to testify as to his opinion, and such statement was not prejudicial error.

ON *certiorari* to review trial before *Cohoon, Judge,* 20 September 1973 Session of Superior Court held in NEW HANOVER County. Heard in Court of Appeals 10 December 1974.

Defendant, Ernest Linwood Edwards, was charged in an indictment with the first degree murder of Harold Arthur on 31 May 1973. The State elected to try him on charges of second degree murder and any lesser included offenses. Defendant pleaded not guilty and was tried before a jury.

The State's evidence tended to show that early in the afternoon on 31 May 1973, Edwards and Arthur went to the house of William Irick where they drank vodka and watched television. When they left, they drove to Arthur's trailer. Ed-

wards had been living at the trailer and taking care of Arthur for the past few weeks. Shortly after they left Irick's house, Edwards returned, hysterical, and told Irick he had stabbed Arthur. The police were summoned. They found Arthur sitting in a chair outside the trailer bleeding from a wound in his right side. A physician, who performed the post mortem, testified that Arthur died as the result of a laceration in the abdominal wall and liver, caused by a long sharp object. Inside the trailer, police found a trail of blood from the front door to a couch and a large bloody knife in the kitchen sink.

A neighbor testified that he saw Edwards and Arthur go into the trailer, and shortly thereafter heard a voice say, "Help me, help me." Arthur came out of the trailer and said, "I have been stabbed." Edwards then drove away. The police found Edwards at Irick's house. He had some red spots on his shirt. Both men appeared to be intoxicated.

Defendant testified that he first went to Irick's house alone. Later he went back to the trailer, picked up Arthur and took him to Irick's. The three of them then went to Arthur's trailer. Defendant took some medicine for a heart condition and went to lie down in the bedroom. Arthur and Irick discussed some money that Irick owed Arthur for a car. Defendant dozed off and awakened to find Irick and Arthur gone. He went to Irick's house to look for them, had a drink, and fell asleep again. This was the last thing he remembered before the police arrived. He stated that the spots on his shirt were from a shaving cut.

The jury returned a verdict of guilty of murder in the second degree. From judgment imposing sentence of 20 to 25 years imprisonment, defendant appealed. The appeal was not perfected in apt time and this Court granted certiorari.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Lester V. Chalmers, Jr., for the State.*

*Harold P. Laing for defendant appellant.*

ARNOLD, Judge.

[1] Defendant contends that the trial court in effect equated manslaughter with second degree murder by instructing that defendant would be guilty of manslaughter if "he intentionally and unlawfully stabbed and killed Harold Arthur . . . . " It is well settled, however, that the charge of the court will be con-

strued contextually, and when it is correct as a whole, isolated portions will not be held to be prejudicial. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765; *State v. Hall,* 267 N.C. 90, 147 S.E. 2d 548. Prior to giving the above instruction, the court properly defined manslaughter as "the unlawful killing of a human being without malice, express or implied, and without deliberation or premeditation." *See State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393. When the jury later requested repeated instructions on the offenses charged, the court again gave a proper definition of manslaughter. Read in the context of the charge as a whole, any possibility of prejudice in the defective charge was removed.

**[2]** Defendant also contends that the court erred in stating in the presence of the jury its finding that a medical doctor was an expert witness. In *State v. Frazier,* 280 N.C. 181, 185 S.E. 2d 652, *vacated on other grounds,* 409 U.S. 1004 (1972), the North Carolina Supreme Court held that such a ruling could only have been understood by the jury to mean that the witness was qualified to testify as to his opinion. This assignment of error therefore is without merit.

The evidence against the defendant, including his own declaration of guilt, was overwhelming. He received a fair trial free of prejudicial error.

No error.

Judges BRITT and VAUGHN concur.