STATE OF NORTH CAROLINA v. EMMETT ALSTON

No. 7514SC270

(Filed 20 August 1975)

1. **Robbery § 4— conspiracy to commit armed robbery — testimony of co-conspirator — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for conspiracy to commit armed robbery where the evidence consisted of testimony by a co-conspirator that defendant conceived the plan for the robbery, agreed with his conspirators as to the manner in which it was to be carried out, agreed with them as to the division of expected proceeds, furnished the guns used in the robbery, and arranged for transportation of the conspirators to the scene of the robbery.

2. **Criminal Law § 116— no evidence by defendant — jury instruction proper**

   The trial court did not err in instructing the jury concerning defendant's election not to take the witness stand or to present evidence, though defendant made no request for such instruction.

APPEAL by defendant from *Canaday, Judge.* Judgment entered 9 January 1975 in Superior Court, DURHAM County. Heard in the Court of Appeals 10 June 1975.

Defendant was indicted for conspiring with Curtis Williams and Alfred Jackson to commit armed robbery. After a first trial and conviction, on appeal defendant was awarded a new trial. *State v. Alston,* 17 N.C. App. 712, 195 S.E. 2d 314 (1973). On retrial the State introduced evidence to show that on 3 September 1971 Williams and Jackson were apprehended by the police while in the act of robbing the McDougald Terrace office of the Durham Housing Authority. There was no evidence that defendant was in the vicinity when the robbery took place. Williams testified that defendant conceived the plan for the robbery, agreed with Williams and Jackson as to the manner in which it was to be carried out, agreed with them as to the division of the expected proceeds, furnished the guns used in the robbery, and arranged for the transportation of Williams and Jackson to the scene of the robbery.

Defendant offered no evidence. The jury found him guilty. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Associate Attorney General Jesse C. Brake for the State.*

*Loflin & Loflin by Thomas F. Loflin III for defendant appellant.*

PARKER, Judge.

[1]  Defendant's motion for nonsuit was properly denied. "It has been held in many cases that the unsupported testimony of a co-conspirator is sufficient to sustain a verdict, although the jury should receive and act upon such testimony with caution." *State v. Carey,* 285 N.C. 497, 505, 206 S.E. 2d 213, 219 (1974). By cross-examination of the co-conspirator, Williams, defendant's counsel was able to show that Williams's testimony at defendant's second trial differed in certain respects from his testimony at the first trial. It was also shown that Williams had an extensive prior criminal record, that only after he had been in jail about a month on the charge of the armed robbery involved in this case did he tell the officers anything about defendant's involvement in the matter, and that Williams received a probationary sentence for his part in the robbery. Although the showing of these matters brings Williams's credibility into question, that was a question for the jury to resolve. Viewed in the light most favorable to the State, the evidence was clearly sufficient to withstand defendant's motion for nonsuit.

[2]  Defendant assigns error to the court's instructing the jury concerning the defendant's election not to take the witness stand or to present evidence, pointing out that no special request for such an instruction was made. "In the absence of a request for an instruction on the point, it was not necessary for the court to refer to the failure of the defendant to offer evidence and, indeed, it would have been better to have made no reference at all to this circumstance." *State v. Baxter,* 285 N.C. 735, 738, 208 S.E. 2d 696, 698 (1974). However, it is not error for the court, even in the absence of a request by the defendant, to instruct the jury on this point, provided it does so correctly and completely so as to make clear to the jury that the defendant has the right to offer or refrain from offering evidence as he sees fit and that his failure to testify should not be considered by the jury as basis for any inference adverse to him. *State v. Baxter, supra.* This was clearly done in the present case when the court, after instructing the jury as to defendant's right not to testify or to offer evidence, said:

> "[A]nd I instruct you, ladies and gentlemen, that you will in nowise hold it to the prejudice of the defendant that he has not testified in this case and that he has not offered witnesses in his defense for in so doing he is simply exer-

cising a right which the law gives him, and this is in nowise to be taken or held to his prejudice in this trial."

Defendant's assignment of error to this portion of the charge is overruled.

During the course of the trial the co-conspirator, Williams, testified that he and the defendant had agreed to commit other robberies, none of which were carried out. Defendant now contends that the court, in charging the jury as to the elements of a criminal conspiracy, so instructed the jury that they might have found defendant guilty if they found he had entered into an agreement with Williams to commit any robbery and that the court failed to instruct the jury that they could find defendant guilty only if they found that he conspired with Williams to commit the particular robbery charged in the bill of indictment. In no reasonable view of the court's charge can defendant's contention be supported. On the contrary, in the mandate portion of the charge the court clearly and expressly limited the jury to a finding of guilt only if they should find defendant guilty of conspiring with Williams to commit the particular armed robbery which was specifically described in the bill of indictment.

We have carefully examined all of defendant's remaining assignments of error and find no prejudicial error.

No error.

Chief Judge BROCK and Judge ARNOLD concur.