STATE OF NORTH CAROLINA v. WESLEY DALE JONES

No. 775SC940

(Filed 6 June 1978)

1. **Kidnapping § 1.2— removal to terrorize—sufficiency of evidence**
   The State's evidence in a kidnapping case was sufficient to allow the jury to find that defendant's purpose in removing the victim was to terrorize her within the meaning of G.S. 14-39(a)(3) where it tended to show that defendant

told the victim, who had broken off her engagement to defendant, that he was going to do something to her that would make her remember him for the rest of her life.

**2. Criminal Law § 116.1— defendant's failure to testify—sufficiency of instructions**

The trial court's instruction that the jury "must be very careful not to allow his silence, his failure, his election not to testify to influence your decision in any way" was not insufficient when considered with the court's other instructions that defendant had a right not to testify and that his decision not to testify should not be used against him in any way.

**3. Kidnapping § 1.3— instructions—purpose to terrorize**

The trial court in a prosecution for aggravated kidnapping did not instruct the jury that whether the victim was terrorized was an element of the offense but properly distinguished between the defendant's purpose to terrorize, an element of the offense, and the effect of defendant's action upon the victim, which is not an element of the offense.

**4. Kidnapping § 1.3— aggravated kidnapping—failure to submit lesser offenses**

The trial court in a prosecution for aggravated kidnapping did not err in failing to instruct as to a lesser offense of the crime charged where the State presented positive evidence as to each element of the crime charged and there was no conflict in the evidence.

APPEAL by defendant from *James, Judge.* Judgment entered 1 July 1976, in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 28 March 1978.

Defendant was charged in an indictment, proper in form, with the kidnapping of Starr Lynn Godbey, to which charge he entered a plea of not guilty. At trial the State presented evidence which tended to show that on 22 January 1976 at approximately 2:00 p.m., defendant went to the Godbey residence and held Starr Lynn Godbey's mother, her brother, and a friend of her brother at gunpoint for approximately 2½ hours, until Starr Lynn returned home from Cape Fear Technical Institute, where she had been attending classes; that defendant and Starr Lynn had previously been engaged but that Starr Lynn had broken off the relationship; that defendant forced Starr Lynn to leave with him in the Godbey family car after her arrival home from school; that defendant ultimately drove Starr Lynn to a pizza parlor where defendant was overcome and disarmed by a bystander, and apprehended by police, and where Starr Lynn was thus released.

The defendant offered no evidence.

The jury returned a verdict of guilty of aggravated kidnapping. From judgment imposing a term of imprisonment for not less than twenty-five nor more than thirty years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*James K. Larrick for defendant.*

BROCK, Chief Judge.

[1] Defendant brings forward four assignments of error in four arguments. For his assignment of error number 1, defendant contends that the trial court erred in denying his motions for directed verdict and to set aside the verdict.

The crime of kidnapping is defined by G.S. 14-39 as follows:

"§ 14-39.—(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(b) Any person convicted of kidnapping shall be guilty of a felony and shall be punished by imprisonment for not less than 25 years nor more than life. If the person kidnapped, as defined in subsection (a), was released by the defendant in a safe place and had not been sexually assaulted or seriously injured, the person so convicted shall be punished by imprisonment for not more than 25 years, or by a fine of not more than ten thousand dollars ($10,000), or both, in the discretion of the court."

Thus in order for defendant to be convicted of the statutory crime of kidnapping, the State was required to prove that the removal of Starr Lynn was for one of the purposes enumerated in subsections (a)(1) through (a)(3), *supra*. The only purpose upon which the trial judge instructed the jury was that set out in subsection (a)(3), to wit: terrorizing Starr Lynn. Defendant, apparently conceding that there was sufficient evidence on the other elements of G.S. 14-39, contends nevertheless that there was no direct evidence to establish that defendant's purpose for removing Starr Lynn was to terrorize her.

A motion for directed verdict of not guilty has the same legal effect as a motion for nonsuit; both test the sufficiency of the evidence to go to the jury. *State v. Glover*, 270 N.C. 319, 154 S.E. 2d 305 (1967). Such a motion is properly denied if there is substantial competent evidence of all material elements of the offense charged; the evidence is considered in the light most favorable to the State, giving the State the benefit of every reasonable inference which can be drawn from the evidence. *State v. Evans*, 279 N.C. 447, 183 S.E. 2d 540 (1971). Applying these principles, we are of the opinion that the State's evidence was sufficient to allow the jury to find that defendant's purpose in removing Starr Lynn was to terrorize her.

Mrs. Betty Godbey, Starr Lynn's mother, testified as follows:

"Then he said Starr come on you are going with me. 'You are going for a ride.' She said she was not going, and I said 'Wesley she is not going with you.' I didn't know to what extent we could hold out our saying 'She is not going.' Then he took the gun and pulled out the hammer and put it on her forehead right here and he said 'Starr Lynn, come on, you are going with me.' And when he did this, he told her that he hated her and that he was going to do something to her that would make her remember him so long as she lived. He made this statement before when we were in the den talking that he was going to do something to her that would make her hate him so long as she lived."

Jody Godbey, brother of Starr Lynn, testified that defendant "said he wanted to make Starr remember him the rest of her life

and he wanted to go to prison and be thrown into the darkest or deepest corner and let them throw the key away so he would never see sunlight again."

Webster's Third New International Dictionary of the English Language — Unabridged (1968) defines "terrorize" as follows: "1: to fill with terror or anxiety: scare 2: to coerce by threat or violence . . . to excite fear . . . ." "Terror" is defined as "a state of intense fright or apprehension."

As to the definition of "terrorize", the trial judge instructed the jury as follows: "The word 'terrorize' I instruct you has some kinship to fear, but I instruct you that probably [sic] understood it means not ordinary concern or ordinary fear, but some degree — some higher degree of fear in order to constitute terror . . . ." In our opinion, the trial judge was correct in defining terror for purposes of G.S. 14-39, as involving more than ordinary fear. However, under any of the above definitions, we hold that the testimony set out *supra* was sufficient to go to the jury and to allow the jury to find that defendant's purpose was, at the very least, to terrorize Starr Lynn. Defendant's assignment of error number 1 is overruled.

[2] Defendant excepts, in his assignment of error number 2, to the trial judge's charge on defendant's election not to testify at trial. The complete charge given by the trial judge as to this matter is set out as follows:

> "Now, the defendant in this case, as you have observed, has not testifed. I instruct you that the law of North Carolina gives him this privilege. This same law of North Carolina also assures him that his decision not to testify will not be used against him in any way in this case. *Therefore, you must be very careful not to allow his silence, his failure, his election not to testify to influence your decision in any way."* (Emphasis added.)

The emphasized portion of the above instruction is the subject of defendant's assignment of error; defendant contends that in the one sentence, the judge did not positively advise the jury not to consider adverse to defendant his election not to testify. Defendant asks us to isolate the one sentence. The rule has oft been stated that a charge must be construed contextually and isolated portions will not be held prejudicial when the charge as a whole

is correct. *State v. Bailey*, 280 N.C. 264, 185 S.E. 2d 683, *cert. denied* 409 U.S. 948, 34 L.Ed. 2d 218, 93 S.Ct. 293 (1972). However, reading the charge as a whole, we find that it was sufficient to make clear to the jury that defendant had the right to offer or refrain from offering evidence as he saw fit, and that his failure to testify was not to be considered by the jury as the basis for any inference adverse to him. *See State v. Baxter*, 285 N.C. 735, 208 S.E. 2d 696 (1974); *State v. Alston*, 27 N.C. App. 11, 217 S.E. 2d 207 (1975). We also note that defendant did not request an instruction on his failure to testify, and that in such a case, it is the better practice for the trial judge to make no reference to the circumstance. However, it is not error for the judge to do so, providing, as here, the instruction is correct and complete. *State v. Baxter, surpa; State v. Alston, supra.* Defendant's assignment of error number 2 is overruled.

[3]  In assignment of error number 3, defendant contends that the trial court committed prejudicial error in his instructions to the jury as to the elements of aggravated kidnapping. We disagree.

The trial judge correctly charged as to the elements of kidnapping as follows:

"Now, in order for you to find the defendant guilty of aggravated kidnapping as here charged, the State must prove six things to you beyond a reasonable doubt. They are these: first, that the defendant removed from one place to another the alleged victim Starr Lynn Godbey; second that the defendant Jones did this unlawfully; third, that the defendant did this for the purpose of terrorizing the alleged victim Starr Lynn Godbey; fourth, that at the time, Starr Lynn Godbey had reached and passed her sixteenth birthday; fifth, that Starr Lynn Godbey did not consent to her being removed from her home to any other place. The contention of the State being that the defendant removed her from her home and required her to get into an automobile in order to be transported away; that he required her to do it by the use or threatened use of a firearm — a thirty-two caliber revolver; the sixth requirement is that Starr Lynn Godbey was not released by the defendant in a safe place."

The judge then proceeded to define "terrorize" as follows:

"The word 'terrorize' I instruct you has some kinship to fear, but I instruct you that probably [sic] understood it means not ordinary concern or ordinary fear, but some degree — some higher degree of fear in order to constitute terror; and, that therefore, the evidence in this case should be such to satisfy you that Starr Lynn Godbey was terrorized. That is to say that she was put in fear to a high degree not just ordinary concern to some extent or to ordinary fear in a mild sense of the word, but something more potent than that, something akin to terror as it is ordinarly understood."

After retiring for deliberations, the jury returned and requested the trial judge to restate the elements of the offense; this the judge did, and correctly so, as he had done originally, as set out *supra*. The judge then attempted to define "terrorize" once again, as follows:

". . . I call your attention to the fact that as the law is stated, which Mr. Larrick read to you '. . . that if any person shall unlawfully confine, restrain, or remove from one place to another any person for the purpose of holding for ransom or as a hostage or using as a shield or facilitating the commission of any felony, or facilitating flight of any person, or doing serious bodily harm or terrorizing the person so confined, removed . . .' and so forth. You see the law says if it is for that purpose, that would not necessarily mean that the person removed had to be terrorized if that was in fact, if it had been the purpose of the kidnapper to do that. That is the phraseology of the law . . . . I may say this further, Ladies and Gentlemen, that since in order to be guilty of aggravated kidnapping, the law requires that the person charged must have removed the victim from one place to another for the purpose of terrorizing. It would follow that the victim did not necessarily have to be terrorized, he or she might or might not be terrorized. If it was the purpose of the alleged kidnapper to do that, you would ordinarily, of course, consider the evidence of his actions and his behavior in order to determine if that was or was not his purpose, but the effect of his actions, whether it did or did not terrorize, would be secondary at least to the initial inquiry of whether or not that was his purpose."

Defendant contends that the trial judge inadvertently instructed the jury incorrectly that whether the victim Starr Lynn Godbey was terrorized was an element of the offense.

We again must read the charge contextually. In so doing, we are convinced that the trial court instructed the jury properly that one element of the crime of kidnapping is the purpose of the defendant to terrorize his victim. The reference to the effect of the defendant's actions on Starr Lynn Godbey related to an attempt by the trial judge to force the jury to distinguish between ordinary fear and terror. As seen in the portion of the charge given at the request of the jury, as set out *surpa*, the judge made a particular effort to distinguish between the defendant's purpose to terrorize, an element of the offense, and the effect of defendant's action upon the victim, which is not an element of the offense. Reading the charge contextually and as a whole, we are of the opinion that it fairly and clearly presented the law to the jury. *See State v. Brown*, 25 N.C. App. 10, 212 S.E. 2d 187, *appeal dismissed* 287 N.C. 523, 215 S.E. 2d 150 (1975), and cases cited therein. Defendant's assignment of error number 3 is overrruled.

[4]   In his fourth and final assignment of error, defendant argues that the trial judge erred in failing to instruct as to a lesser offense of the crime charged. The substance of defendant's argument is that the jury should have had the opportunity, based upon the weakness of the State's evidence relating to defendant's purpose in removing Starr Lynn Godbey, to convict defendant of a lesser degree of the crime charged.

The applicable legal principles are set out in *State v. Riera*, 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970), as follows:

"It is also well recognized in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment. (Citations omitted.) Further, when such lesser included offense is supported by some evidence, a 'defendant is entitled to have the different views arising on the evidence presented to the jury upon proper instructions and an error in this respect is not cured by a verdict finding the defend-

State v. Jones

ant guilty of a higher degree of the same crime, for in such case, it cannot be known whether the jury would have convicted of the lesser degree if the different views, arising on the evidence, had been correctly presented in the court's charge.' (Citations omitted.) When there is evidence to support the milder verdict, the court must charge upon it even when there is no specific prayer for the instruction. (Citation omitted.)"

In *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E. 2d 706, 714 (1972), the Supreme Court further explained the above principles as follows:

"Equally well recognized is the rule that the court is not required to submit to the jury the question of defendant's guilt of a lesser degree of the crime charged in the indictment when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime. (Citations omitted.)"

Furthermore, "[t]he mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense." *State v. Black*, 21 N.C. App. 640, 643-644, 205 S.E. 2d 154, 156, *affirmed* 286 N.C. 191, 209 S.E. 2d 458 (1974).

The State having presented positive evidence as to each element of the crime of kidnapping, and there being no conflict in the evidence, the trial judge was not compelled to instruct the jury on a lesser included offense. Defendant's assignment of error number 4 is overruled.

In the trial of this defendant, we have found

No error.

Judges HEDRICK and MITCHELL concur.