STATE OF NORTH CAROLINA v. CALVIN DALE McCALL

No. 7626SC490

(Filed 1 December 1976)

1. **Automobiles § 46— speed of car — observation of speedometer**

    In this manslaughter prosecution, a passenger in defendant's car was properly allowed to testify that she "could see that the speedometer was past a hundred," although the witness testified that she couldn't see if it was to a hundred and ten, or a hundred and twenty, or what, and could only see half of the red needle, since the ability of the witness to observe and the precision with which she observed went to the weight and not to the admissibility of her testimony.

2. **Criminal Law § 71— instantaneous conclusion of the mind — admissibility**

    Testimony by a passenger in defendant's car that she could tell that defendant "was about to lose control" of the vehicle was competent as an "instantaneous conclusion of the mind"; furthermore, even if the admission of such testimony was erroneous, the error was harmless in view of other testimony to the effect that defendant did lose control of the vehicle.

3. **Criminal Law § 88— cross-examination — bias of witness — question already answered — answer not within witness's competence**

    In this prosecution for involuntary manslaughter, the trial court did not err in sustaining the State's objection to a question asked a witness on cross-examination as to whether she would stand to gain from a claim that deceased's estate would file against defendant and his insurer since (1) the witness, in effect, had already answered the question by testifying that she did not know whether she was a beneficiary of the deceased's estate, and (2) the answer called for would have been too speculative and would not have been within the knowledge or competence of the witness.

4. **Automobiles § 114— involuntary manslaughter — failure to maintain proper control — instructions — culpable negligence**

    The court's charge in its mandate that the jury should find defendant guilty of involuntary manslaughter if it found beyond a reasonable doubt that "defendant failed to maintain proper control of his vehicle" did not constitute error where, immediately before such instruction, the court charged on criminal negligence, and the whole charge, when construed contextually, required the jury to find that the failure to maintain proper control was done intentionally or recklessly in order for defendant to be found guilty of the requisite culpable negligence.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 21 January 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 20 October 1976.

Defendant was tried on a bill of indictment charging him with manslaughter in the death of Rocky Sexton Cobb on 27 September 1974 and he pled not guilty. The evidence presented by the State tended to show that on the night of 27 September 1974 defendant spent an hour visiting in a home in Mecklenburg County where several other people were also present; that at 11:00 p.m. they all left, intending to go to Virginia Cobb Cowart's trailer; that Tommy Cowart and Russell Cobb rode in one car, with Tommy Cowart driving; and that Mrs. Cowart, her child Tommy, Rocky Cobb, and defendant rode in another car, with defendant driving. Before they started, Mrs. Cowart asked defendant to let her drive, but defendant insisted on driving even though he "appeared flushed in the face." Both cars proceeded north on Interstate Highway 85. Defendant passed Cowart at a speed in excess of 100 m.p.h. and lost control of his car as he was moving back into the right-hand lane. The car flipped over several times, struck a car driven by Lynwood Gerard Stroud, and went down an embankment. It was stipulated that Rocky Cobb died of injuries received in the accident.

Defendant testified that he drank two or three beers on the night of the accident and that when he lost control of the car, he was driving at about 80 m.p.h.

The jury found defendant guilty of involuntary manslaughter. From a judgment imposing imprisonment of eight years, all of which were suspended except six months, defendant appealed.

*Attorney General Edmisten, by Associate Attorney David S. Crump, for the State.*

*Burroughs, McNeely & McNeely, by Thomas A. McNeely and Patrick M. McNeely, for the defendant.*

MARTIN, Judge.

Defendant first contends the court erred in allowing testimony as to the speed of defendant's automobile and the conclusion that defendant was "about to lose control."

[1]  Virginia Cobb Cowart, a passenger in defendant's car, testified as follows:

> "He mashed the accelerator and passed Tommy, and I slid over to the side and I could see that the speedometer was past a hundred. I couldn't see if it was to a hundred

and ten, or a hundred and twenty, or what; but I could only see half of the red needle, and I could tell that he was about to lose control."

Defendant contends that the witness's testimony here should have been stricken because she was not giving an opinion on the basis of observation or presence in the vehicle but on the basis of a partial observance of the speedometer.

It is well established in North Carolina that a lay witness of ordinary intelligence who has had a reasonable opportunity to observe a vehicle in motion may give his estimate as to the speed of the vehicle. *State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557 (1968) ; *Miller v. Kennedy,* 22 N.C. App. 163, 205 S.E. 2d 741 (1974) ; *State v. Woodlief,* 2 N.C. App. 495, 163 S.E. 2d 407 (1968). The ability of the witness in the instant case to observe and the precision with which she observed goes to the weight to be given to her testimony, but not to its admissibility.

[2]   The conclusion of the witness that the defendant was about to lose control of the automobile is an "instantaneous conclusion of the mind" and it was not error for the trial judge to allow the statement to stand. See *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21 (1966). Even assuming, *arguendo,* that the admission of testimony concerning losing control was error, we hold that such error was harmless in view of the other testimony in the record to the effect that defendant did lose control of the vehicle.

The defendant's first assignment of error is therefore overruled.

[3]   The defendant contends in his second assignment of error that the trial court erred in sustaining the State's objection to a certain question on the cross-examination of Virginia Cowart. He contends that the cross-examination testimony might have indicated an interest or bias of the witness and therefore should have been admitted. On cross-examination Mrs. Cowart testified that she did not know whether she was a beneficiary of Rocky Cobb's estate. She was asked, "Do you know whether or not you would stand to gain from a claim that his [the deceased's] estate would file against [defendant] and his insurance company?" An objection to this question by the prosecution was sustained.

It has been held that a party may cross-examine a witness with respect to any evidence which tends to show the feeling

or bias of a witness in respect to the party or the cause. See *State v. Hart*, 239 N.C. 709, 80 S.E. 2d 901 (1954). However, the evidence in the instant case indicates that the witness had already testified that she did not know whether she was a beneficiary of the deceased's estate. This testimony leads us to conclude that, in effect, the witness had already answered the question to which the objection was sustained. Furthermore, the answer to the question would have to have been based on the assumption that a civil action would be brought by the unidentified administrator of the decedent's estate *and* on the assumption that the witness would have been a beneficiary of the estate. The answer called for would have been too speculative and would not have been within the knowledge or competence of the witness. Therefore, the objection to the challenged question was properly sustained.

[4]    Finally, defendant contends the court erred in its instruction to the jury. He argues that the court erred in instructing the jury

" . . . that if you find . . . beyond a reasonable doubt that . . . defendant . . . intentionally or recklessly operated his 1968 GTO motor vehicle on I-85 in excess of seventy-five miles per hour in a posted fifty-five mile-per-hour speed zone; or the defendant failed to maintain proper control of his vehicle, thereby proximately causing the death of Mr. Rocky Cobb, it would be your duty to return a verdict of guilty of involuntary manslaughter."

Defendant contends this instruction was erroneous because it could be interpreted to permit the jurors to convict defendant on the ground that he failed to maintain proper control of his vehicle even though such failure was not intentional or reckless.

It has been held that:

" 'The charge of the court must be read as a whole . . . , in the same connected way that the judge is supposed to have intended it and the jury to have considered it. . . . ' (Citation omitted.) It will be construed contextually, and isolated portions will not be held prejudicial when the charge as a whole is correct. (Citations omitted.) . . . [T]he fact that some expressions, standing alone, might be considered erroneous will afford no ground for reversal." (Citation omitted.) *State v. Lee*, 277 N.C. 205, 214, 176 S.E. 2d 765, 770 (1970).

Immediately before the court's mandate, which is the subject of this exception, the court charged the jury as follows:

> "The second thing the State has to prove is that the defendant's violation was criminally negligent. It must have been committed intentionally or recklessly. A reckless violation is one, where judging by reasonable foresight, the defendant is heedlessly indifferent to the safety and rights of others."

In construing the charge contextually, we conclude that the jury was required to find that either the speeding violation or the failure to maintain proper control of the vehicle, or both, must have been done intentionally or recklessly to provide the requisite culpable negligence. The trial judge's instruction was therefore proper and this assignment of error is overruled.

We are not inadvertent to the holding in *State v. Gainey*, 29 N.C. App. 653, 225 S.E. 2d 843 (1976), filed 16 June 1976, wherein a similar mandate was held erroneous. This error, however, was not dispositive of the case and a new trial was awarded on other grounds.

In the trial we find no prejudicial error.

No error.

Judges BRITT and VAUGHN concur.