STATE OF NORTH CAROLINA v. DAVID WAYNE BENNETT

No. 8321SC300

(Filed 6 December 1983)

1. **Searches and Seizures § 11— warrantless search of vehicle—probable cause**

    A search of defendant's automobile and the seizure of stolen property found therein were valid under the automobile exception to the Fourth Amendment where an officer stopped defendant for driving under the influence and noticed a bank deposit bag in plain view on the floor of the car behind the driver's seat with papers in it bearing the name of a break-in victim, since the officer then had probable cause to believe other contraband from the break-in might be concealed within the vehicle and thus had probable cause to conduct a search and seizure of anything in the vehicle.

2. **Receiving Stolen Goods § 6— possession of stolen goods—sufficiency of instructions**

    The trial court's instructions on the elements of possession of stolen goods were sufficient where the court adequately instructed on the elements of felonious possession of stolen goods pursuant to a breaking and entering with the exception of failing to give a precise definition of breaking and entering, the jury asked for a clarification on the distinction between felonious and nonfelonious possession of stolen goods, and the trial court at that time correctly defined breaking and entering for the jury.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 17 November 1982 in the Superior Court of FORSYTH County. Heard in the Court of Appeals 15 November 1983.

The defendant was charged with felonious possession of stolen goods in violation of G.S. 14.71.1. From the jury's verdict of guilty, defendant appeals.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Elaine J. Guth for the State.*

*Mallory M. Barber and L. G. Gordon, Jr., for defendant appellant.*

HILL, Judge.

Evidence for the State tended to show the following: On 13 August 1982 and 20 August 1982, the S & R Motor Company was broken into, and several items of personal property belonging to Melvin Swisher, Vice-President, were taken therefrom. These items included a Wachovia bank deposit bag, a twenty-two caliber rifle, and some credit cards. Around midnight of 20 August 1982 a Kernersville police officer saw the defendant and his girlfriend walking in front of the S & R Motor Company. The next day, after learning of the break-in, the police officer saw defendant late at night and asked him if he knew anything about the break-in. Defendant responded that he might know and agreed to meet the police officer at the Food Town parking lot later that night. The defendant did not meet the officer at the scheduled time.

Two days later at approximately midnight another Kernersville police officer, who was aware of the foregoing conversation between the defendant and the first police officer, stopped a burgundy colored LeMans driven by the defendant and accompanied by his girlfriend. After giving defendant some performance tests, the officer arrested the defendant for driving under the influence and gave him his *Miranda* rights. During this activity the police officer noticed a Wachovia bank deposit bag on the floor of the car behind the driver's seat with papers in it having the name of "Swisher" on them. Knowing of the break-in at S & R Motor Company, the police officer took possession of the bank bag, began searching the car, and discovered more items. Because the light was poor, he had the automobile towed to the police station where a thorough inventory was taken. Several items reported missing from the S & R Motor Company break-ins were found, including Swisher's credit cards and a twenty-two caliber rifle.

Defendant's testimony tended to raise the defense of entrapment.

[1] By his first assignment of error defendant argues the warrantless search of his automobile was unconstitutional because of the lack of probable cause and because the search was not incident to arrest. Based upon these contentions, defendant argues the trial judge erred in denying his motions to suppress the evidence obtained and thereafter denying his motions to dismiss. In a "branch of law [that] is something less than a seamless web," *Cady v. Dombrowski*, 413 U.S. 433, 440, 93 S.Ct. 2523, 2527, 37 L.Ed. 2d 706, 714 (1973), we hold the search was valid under the automobile exception to the Fourth Amendment constitutional requirement that a warrant is needed in order to conduct a valid search.

Because of an automobile's mobility and inherent openness presenting much of its contents to plain view, United States Supreme Court cases consistently recognize an exception to the warrant requirement for automobile searches based on probable cause. The Supreme Court has extended the automobile exception by ruling that if a police officer has probable cause to search a lawfully stopped vehicle, the probable cause can justify a search of the entire car and anything found inside that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982); *see also* Note, *Search and Seizure— Warrantless Container Searches Under the Automobile and Search Incident to Arrest Exceptions— United States v. Ross*, 18 Wake Forest L. Rev. 1145 (1982).

In the case under review, the officer testified he knew of the break-ins at the S & R Motor Company at the time he stopped the car. He looked into the car and saw in plain view on the floorboard behind the driver's seat the Wachovia bank deposit bag with papers bearing the name Melvin Swisher clearly marked thereon. Presence of the papers seen by the officer is sufficient probable cause to believe other contraband from the robbery may be concealed within the vehicle. Therefore, the officer had probable cause sufficient to conduct a search and seizure of anything in the vehicle, including items within the bag. *See United States v. Ross, supra.* Because the search in question falls within one of the "jealously and carefully drawn" exceptions to the warrant requirement of the Fourth Amendment, the search is constitutional regardless of whether or not it fails to qualify under another exception. We conclude the trial court committed no error in admit-

ting the evidence and thereafter denying defendant's motion to dismiss.

**[2]** Nor do we find error by the trial court in its instructions to the jury regarding the elements of possession of stolen goods. The parties agreed prior to trial that the value of the goods in excess of $400.00 would not be a factor for the jury. In the principal charge the court adequately instructed on the essential elements for felonious possession of stolen goods pursuant to a breaking and entering except to a precise definition for "breaking and entering." Approximately ten minutes later the jury came back asking for a clarification on the distinction between felonious and non-felonious possession of stolen goods, and at that time the judge correctly defined breaking and entering for the jury. He then asked the jury and defense counsel if anything further should be said by the court and received a negative reply. A trial court's instructions must be read contextually as a whole, and isolated erroneous portions will not be considered prejudicial error on appeal when the instruction read as a whole is correct. *See State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970); *State v. McCall*, 31 N.C. App. 543, 230 S.E. 2d 195 (1976). When construed contextually as a whole, the charge is adequate. We conclude this assignment together with defendant's remaining assignments of error to be without merit.

No error.

Judges ARNOLD and BRASWELL concur.