STATE OF NORTH CAROLINA v. JERRY BEASLEY

No. 8319SC548

(Filed 7 February 1984)

1. **Automobiles and Other Vehicles § 3.4— driving while license permanently revoked—sufficiency of evidence**

   Defendant could properly be convicted of driving while his license was permanently revoked rather than merely driving without a proper license

State v. Beasley

where defendant's license was permanently revoked in 1973; defendant was notified that he could request a hearing for restoration of his license three years from the date of revocation; defendant was arrested for driving while his license was permanently revoked on 24 September 1982; defendant received a letter from the Division of Motor Vehicles dated 4 October 1982 which informed him that his license would be restored on 5 October 1982; and defendant failed to show that he was entitled to a restoration of his license as of the date of the offense.

**2. Criminal Law § 168.5— harmless error in instructions**

The trial court's instructions that defendant's evidence had shown that his license was in a permanent state of revocation on the date in question was harmless error when the charge is construed as a whole.

**3. Criminal Law § 75.7— statements not result of custodial interrogation**

Statements volunteered by defendant which were not responses to questions were not subject to the limitations of *Miranda v. Arizona.*

**4. Criminal Law § 163— instruction not "plain error"**

In a prosecution of defendant for driving while his license was permanently revoked, an instruction by the trial court that Old Thomasville Highway and Bethel Road in Randolph County were highways did not constitute "plain error" such as to require a new trial even though defendant failed to object thereto at the trial.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 25 January 1983 in Superior Court of RANDOLPH County. Heard in the Court of Appeals 9 January 1984.

Defendant's driving license had been revoked because of a third conviction for Driving While Under the Influence of Intoxicating Liquor or Drugs. On 25 June 1973 defendant received notice advising him that "after three (3) years from the effective date of the revocation you may request a hearing. If you can prove good behavior for the three years prior to the hearing, you may be eligible to apply for a new Driver's License."

On 24 September 1982 defendant was charged with driving a motor vehicle while his license was permanently revoked, approximately nine years and three months after the revocation of his driver's license. He offered into evidence a letter from the Division of Motor Vehicles dated 4 October 1982, which provided his license would be restored on 5 October 1982. There were no express conditions to the restoration of his license other than (a) payment of a restoration fee of $25.00, and (b) furnishing a birth certificate or two other forms of identification.

Defendant was convicted of driving a motor vehicle while his operator's license was permanently revoked. An active sentence of twelve months was imposed, and defendant appeals.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General Lester V. Chalmers, Jr. for the State.*

*Richard M. Warren for defendant appellant.*

HILL, Judge.

[1]  Defendant contends that he should have been convicted of driving without a proper driver's license instead of driving while his license was permanently revoked, relying on *Ennis v. Garrett, Comr. of Motor Vehicles*, 279 N.C. 612, 184 S.E. 2d 246 (1971). We do not agree and affirm the decision of the trial court.

Defendant's reliance on *Ennis* is misplaced. In that case defendant was convicted for driving under the influence for a period of one year effective 2 January 1970. He would have been eligible for reinstatement of his driving privilege on 2 January 1971. On 6 March 1971 he was charged with driving while his license was revoked and driving while under the influence of intoxicating liquor. He was found guilty on 19 March 1971 of careless and reckless driving and of driving without a valid operator's license. He had not applied for reinstatement of his driving privilege or paid the restoration fee of $10.00 as of 6 March 1971. Justice Lake, in affirming the lower court ruling that the order revoking the driving privilege of the petitioner was in excess of the Commissioner's authority, stated the following:

When the period of revocation stated in the order of revocation terminates, the license is no longer "in a state of suspension or revocation" within the meaning of G.S. 20-28.1 (a). This does not mean that the former holder of the license may immediately resume driving. Before he may do so the fee required by G.S. 20-7(i1) must be paid. In the interim, he is simply a person without a valid operator's or chauffeur's license.

279 N.C. at 615-16, 184 S.E. 2d at 248.

In the case under review, defendant's license was permanently revoked, and there was no termination of the revocation as of

State v. Beasley

24 September 1982 when the defendant was arrested. Before entitlement to his license, defendant must have shown that prior to 24 September 1982 he had exhibited satisfactory proof that he had not been convicted within the past three years of a violation of the motor vehicle laws, liquor laws or drug laws of this or any other state and that he was not an excessive user of alcohol or drugs. This he has failed to do. Defendant has shown nothing entitling him to a restoration as of the date of his offense. This assignment of error is overruled.

[2] Defendant next argues the court erred in charging the jury that the defendant himself had shown personally that his license was revoked on the date in question and upon request by defendant's counsel to correct the error, did not properly do so. The three instances referred to are as follows:

> The Court will instruct you that the parties by their evidence have indicated that the license were (sic), in fact, on that date permanently revoked.

> \*     \*     \*

> As to this point, again I'll instruct you and originally instruct you that the Defendant has indicated by evidence solicited in this trial that his license were (sic) revoked on that date.

> \*     \*     \*

> Some of the evidence for the defendant tends to show that on September the 24th, 1982, Jerry Beasley and his now wife, Dora Beasley, had purchased an automobile; that at this time Jerry Beasley's license were (sic) in a state of revocation and they had been revoked since 1973.

The Court made an attempt to correct the impression that the defendant's evidence admitted that his license was in a permanent state of revocation by recalling the jury and issuing the following additional instruction:

> Ladies and gentlemen of the jury, as an additional instruction to you, prior to the recess and during my instructions to you, I informed you concerning the defendant's revocation or I made some statements concerning the defend-

ant's status of his license. The Court was not intending to indicate to you that the defendant had admitted knowledge of permanent revocation of his license.

Based on our reasoning under the first assignment of error, it is only logical that the sum of the evidence offered by the parties substantiated that defendant's license was permanently revoked.

As to the second and third portions to which defendant objects, reference to *defendant's* evidence is a *lapsus lingui*, which when taken in connection with the entire charge becomes harmless. The abortive effort by the trial judge to correct his prior mistakes partially clears the matter by showing the Court did not intend to indicate to the jury that the defendant admitted knowledge of permanent revocation of his license. A trial judge's instructions must be read contextually as a whole, and isolated erroneous portions will not be considered prejudicial error on appeal when the instruction read as a whole is correct. *See State v. Lee*, 277 N.C. 205, 176 S.E. 2d 765 (1970); *State v. McCall*, 31 N.C. App. 543, 230 S.E. 2d 195 (1976). When construed as a whole, the charge is adequate, and this assignment of error is overruled.

[3]   We find no error in allowing the arresting officer in this case to testify to a statement made by the defendant after his arrest and before having been given his *Miranda* rights. Nothing in the record indicates the officer asked anything more than defendant's name, address and date of birth for the purpose of running a check to see if he had a driver's license. The defendant on his own, as substantiated by the *voir dire* and later at trial, asked questions which the police officer answered. Statements volunteered by the defendant which are not responses to questions are not subject to limitations placed thereon by *Miranda*. *State v. Fletcher*, 279 N.C. 85, 181 S.E. 2d 405 (1971). This assignment of error is overruled.

[4]   Lastly, defendant argues the judge erred in instructing the jury that the Old Thomasville Highway and Bethel Road in Randolph County were highways. Operation of a motor vehicle on a public highway is one of the elements of the crime covered by G.S. 20-28(b). By failing to object to the charge prior to the retiring of the jury and before the verdict, defendant failed to adhere to the dictates of Appellate Rule 10(b)(2). Nevertheless, having reviewed this instruction, we hold that the challenged jury charge

in the instant case was not "plain error" such as to require a new trial.

Defendant received a fair trial free from prejudicial error.

No error.

Chief Judge VAUGHN and Judge BECTON concur.